The W. C. De Pauw Company v. Stubblefield.*

No. 15,579.

## THE W. C. DE PAUW COMPANY v. STUBBLEFIELD.

MASTER AND SERVANT.—*Safety of Place of Employment.—Duty of Master.— Assumption of Risk by Employee.—Contributory Negligence.*—A master is bound to take ordinary and reasonable care not to subject his servant to unreasonable and extraordinary dangers by sending him to work in dangerous buildings or premises. If he fails in his duty in this respect, by reason of which the servant is injured, such servant has a right of action against him, provided the injury occurred without the fault or negligence of the servant, and provided, further, that the risk of injury was not voluntarily assumed by the servant, with full knowledge of the danger, or competent means of such knowledge. For a state of facts showing a right of action in the plaintiff under this rule, see opinion.

NEGLIGENCE.—*Contributory.— When Proper to Submit Question of to Jury.*— When a state of facts and circumstances exists from which one sensible impartial man would infer that proper care had not been used, and that negligence existed, while another man equally sensible and equally impartial would infer that proper care had been used, and that there was no negligence, the question of negligence must be referred to the jury under proper instructions from the court.

From the Floyd Circuit Court.

*A. Dowling,* for appellant.

*J. V. Kelso, C. D. Kelso* and *J. K. Marsh,* for appellee.

COFFEY, J.—This was an action by the appellee against the appellant, instituted in the Floyd Circuit Court, for the recovery of damages on account of a personal injury sustained by the appellee while acting as the employee of the appellant.

The appellant assigns as error in this court:

*First.* That the circuit court erred in overruling its demurrer to the appellee's complaint.

*Second.* That the court erred in overruling its motion for a new trial.

The complaint alleges, substantially, that the appellant is engaged in the manufacture of plate glass in the city of New Albany, where it owns and .controls, for that purpose, ex-

tensive buildings, warehouses, shops, machinery and other appliances, and grounds and yards upon which the same are situated; that on the 16th day of March, 1888, there was within the said shops and grounds and maintained by the appellant a ditch, trench or pit fourteen inches wide, three feet long and five feet deep, covered with a layer of boards seven-eighths of an inch thick, and two iron plates one-half inch thick each, called runner plates, adjacent to the boards, and which were not fastened down or made secure in any way; that on said day the appellee was in the employment of the appellant in and about its shops and premises as a laborer and in the proper discharge of his duties, under his employment, while he and seven other employees of the appellant were engaged in removing and transporting from one part of appellant's premises, near which said ditch was located, to another part of said premises, by means of a two-wheeled truck, a large casting, weighing two thousand two hundred pounds, the property of the appellant, used in said business, and while in the act of passing and crossing the said ditch or pit with said truck and casting thereon, the wheel of said truck, without any fault, carelessness or negligence on the part of the appellee or his fellow-workmen, or either of them, ran against and upon said runner plates and boards which were thereby knocked out of place, spread apart and broken down by the weight of said truck and casting, and said truck and casting precipitated and thrown into the ditch without any negligence on the part of the appellee or his fellow-workmen; that in falling, the casting, without any negligence on the part of the appellee, fell upon, mangled and crushed his foot and leg, rendering him a cripple for life; that the covering over the ditch or trench at the time appellee was so injured was, and for a long time prior thereto had been, insufficient, defective, unsafe and dangerous, in this, that it was not constructed of suitable material of sufficient strength to support the weight of the truck and casting, nor was it securely fastened down and

held in place, but was constructed of unsuitable material and of insufficient strength, and so weak as to be incapable of supporting said truck and casting, all of which was well known to appellant long prior to the appellee's injury; that the appellee had no knowledge whatever of the dangerous condition of the ditch or pit, or of the character of the material of which the covering to the same was constructed, or that the covering was not securely fastened or held in place, nor could he have known of such danger by the exercise of ordinary care.

· We think this complaint sufficient to withstand the demurrer levelled against it by the appellant.

It has long been the well recognized rule that the master is bound to take ordinary and reasonable care not to subject his servant to unreasonable and extraordinary dangers by sending him to work in dangerous buildings or premises. If he fails in his duty in this respect, by reason of which the servant is injured, such servant has a right of action against him, provided the injury occurred without the fault or negligence of the servant, and provided, further, that the risk of injury was not one voluntarily assumed by the servant, with full knowledge of the danger, or competent means of such knowledge. 2 Thompson Negligence, 972; *Indiana Car Co.* v. *Parker*, 100 Ind. 181.

It sufficiently appears from this complaint, we think, that the appellant failed in its duty in this respect in the case before us. It also sufficiently appears that the appellee was the servant of the appellant, and was injured in consequence of the appellant's negligence, without any fault or negligence on his part.

The court, in our opinion, did not err in overruling a demurrer to the complaint.

The only reason urged by the appellant for a new trial is that the evidence does not support the verdict of the jury.

The evidence on the part of the appellee, briefly stated, tended to show that the appellant was engaged in the manu-

The W. C. De Pauw Company v. Stubblefield.

facture of plate glass at the city of New Albany. In one of its buildings, used for that purpose, was a pit about fourteen inches wide and about three feet in length, formerly used in allowing a man to pass under the building for the purpose of greasing machinery. It had been abandoned for that purpose long before the injury for which this suit was brought, and had been covered with thin boards and two pieces of iron, each one-half inch thick, four and one-half inches wide, and about five feet in length. On the 16th day of March, 1888, the appellee, who was a minor, with several men, was engaged in removing a cog wheel, weighing something over two thousand pounds, from the machine shops to one of the appellant's buildings. In doing so they were compelled to pass over the pit above named. In attempting to cross the pit the irons slipped apart, being in no way secured or fastened, the plank gave way, and the iron bent under the weight of the cog wheel, by reason of which one wheel of the truck upon which it was being transported was precipitated into the pit, throwing the cog wheel upon the appellee's foot and ankle, injuring him severely.

He testified that he knew of the existence of the pit, but was ignorant of the fact that it was dangerous, not knowing that the iron with which it was covered was in no way fastened or secured.

Under these facts we think it was the proper course to submit to the jury, under proper instruction from the court, the question as to whether the appellant had been guilty of negligence resulting in the injury sustained by the appellee, as well as the question as to whether the appellee was free from contributory negligence. The rule is that where a state of facts and circumstances exists from which one sensible, impartial man would infer that proper care had not been used, and that negligence existed, while another man equally sensible and equally impartial would infer that proper care had been used, and that there was no negligence, the question of negligence must be referred to the jury under proper instruc-

tions from the court. *Ohio, etc., R. W. Co.* v. *Collarn*, 73 Ind. 261 ; *Rogers* v. *Leyden*, 127 Ind. 50 ; *Baltimore, etc., R. R. Co.* v. *Walborn*, 127 Ind. 142.

There is no complaint of the instructions in this case. We must presume, therefore, that the question of negligence was referred to the jury under proper instructions for their guidance.

Under the well known rule of this court we have no power to disturb their finding on the weight of the evidence. The court did not err in overruling the appellant's motion for a new trial.

Judgment affirmed.

Filed Sept. 15, 1892.