VERPLANK *v.* COMMERCIAL BANK OF CROWN POINT.

[No. 668A99. Filed September 24, 1969. No petitions for rehearing or transfer filed.]

*Oscar Strom* and *Angelo A. Bouscio,* of Gary, for appellant.

*Dale E. Custer, Stults, Custer & Kuzman,* of Gary, for appellee.

COOPER, J.—This is an appeal from the Newton Circuit Court wherein the Court sustained the motion of the defendant-appellee for a summary judgment.

The record reveals that the plaintiff-appellant filed her complaint in three paragraphs, each praying for damages for her alleged injuries sustained by her when she drove to the defendant bank's place of business for the purpose of doing business there as its patron, parked her automobile on the parking lot provided by the bank for its customers, walked from the parking lot to the walkway going into the bank, and tripped and fell over a ridge consisting of the difference in the levels between the asphalt pavement of the parking area and the concrete walkway into the bank.

The first pleading paragraph of the complaint alleged negligence on the part of the defendant in permitting this ridge to exist. The second pleading paragraph of the complaint alleged the construction was intentionally so made, and that it was a nuisance. The third pleading paragraph of the complaint alleged that the defendant wilfully and wantonly permitted the harzard and nuisance to exist.

The defendant filed its answer in compliance with Rule 1-3 of the Rules of the Supreme Court of Indiana. Thereafter, what was denominated as the deposition of the plaintiff was taken and later filed in the cause. The case was set for trial by jury to begin on February 27, 1968. The record reveals that before the scheduled trial date, however, the defendant filed its motion for summary judgment and the same was set for argument on February 5, 1968. At the time of this hearing, the plaintiff filed her motion to strike the motion for summary judgment and her affidavit in support of her motion to strike. The plaintiff's motion to strike was overruled, the court took the motion for summary judgment under advisement, the deposition of the plaintiff was shown filed again,

and subsequently on March 9, 1968, the court granted the motion for summary judgment and entered judgment for the defendant.

It appears that on April 2, 1968, the plaintiff filed her motion for a new trial, alleging therein that the judgment was not sustained by sufficient evidence, that it was contrary to law, and five other alleged errors, which in view of our result, need not here be discussed. It should be noted that the motion for new trial was filed before April 22, 1968, on which date the Supreme Court of Indiana amended its Rule 2-6 by adding thereto, that from and after April 22, 1968, a motion for new trial shall not be appropriate for raising error claimed by reason of the entering of a summary judgment. The motion for new trial was overruled and this appeal followed.

The defendant's motion for summary judgment and its summary of the facts in support thereof, are as follows:

### "MOTION FOR SUMMARY JUDGMENT.

"Comes now the defendant, Commercial Bank of Crown Point, and shows the court that the pleadings and depositions on file in this case reveal that there is no genuine issue as to any material fact in controversy between the parties, and defendant moves the court to grant it a judgment pursuant to Burns' Indiana Statute 2-2524."

### "SUMMARY OF FACTS

"That on August 20, 1964, defendant, Commercial Bank of Crown Point, was an Indiana corporation engaged in the banking business. Defendant owned and operated a branch bank office building at the northeast corner of Cleveland Street and Highway U. S. 30 in the community known as Independence Hill, Lake County, Indiana. *(See rhetorical paragraphs 1 and 2 of plaintiff's complaint and defendants Answer thereto; Pages 1-2 of plaintiff's Deposition.)*

"The bank building had a customer parking lot on the south side and a circular driveway around the bank. The parking lot and driveway were asphalt blacktop. There was a sidewalk leading from the parking lot-driveway to the front door of the bank. This sidewalk was concrete. *(Plaintiff's Deposition, pages 3-6.)*

"The level of the concrete sidewalk extended approximately 1 inch above the level of the driveway. *(Plaintiff's Deposition, page 7.)* On said August 20, 1964, at approximately 11:45 A.M., plaintiff drove to the bank to do some banking business. Plaintiff drove into the parking lot and parked her car south of the bank building. Plaintiff walked from her car across the parking lot-driveway to the concrete sidewalk. She tripped and fell over the 1 inch raise in the sidewalk. The rear of plaintiff's vehicle was parked about 15 to 20 feet from the place where plaintiff fell. *(See plaintiff's Deposition page 2 and page 6-11.)* Plaintiff's fall occurred at about 11:45 A.M., and the sun was shining. As plaintiff walked from her car towards the bank her eyes were focused on the entrance to the sidewalk—that is, where the blacktop driveway ends and the concrete sidewalk begins. *(See plaintiff's deposition pages 15-17.)*

The plaintiff then filed her motion to strike the motion for summary judgment, alleging therein, in the substance, that the defendant had not served a copy of the motion for summary judgment upon her, and then filed the Affidavit of the Plaintiff, Mildred Verplank in opposition to the motion for summary judgment, which affidavit reads as follows:

"Mildred Verplank, having been first duly sworn upon her oath deposes and says that on the 20th day of August, 1964, at or about 11:45 A.M., this plaintiff was enroute to the branch bank of the Commercial Bank of Crown Point for the purpose of doing business with said bank then situated on the Northeast corner of Cleveland Avenue and U. S. Highway 30.

"That she drove southward from her home at 4424 Connecticut Street, Gary, Indiana, and turned into the premises of said defendant bank on the east side of Cleveland Avenue where a parking area upon the premises of said defendant was provided for its customers, including this plaintiff.

"That as plaintiff parked the automobile she was driving on the premises of the defendant, she thereafter walked on the defendant's premises across said parking lot and driveway in the area and by the route provided by the defendant bank for entry into said bank to do business with said Commercial Bank of Crown Point.

"That said defendant had provided a walkway of concrete adjacent to the macadam driveway upon which drive-

way and concrete walkway it was necessary for her to proceed to arrive at the front entrance of said bank, which was for the use of its customers in entering the bank to do business with the defendant. That said plaintiff was proceeding to said bank to do business with it.

"The defendant had negligently created a nuisance by constructing a variance in the elevation between the driveway and the walkway, which had been permitted to exist since the construction of the bank building soon before August 20, 1964. That said rise or elevation existing in the pathway for customers of the bank to walk over was not readily discernible and although this plaintiff was looking where she was walking, it could not be readily seen there was a difference in elevation by reason whereof this affiant tripped over said elevation and fell headlong upon the concrete.

"Plaintiff was stunned and lay prone on the walkway for what seemed a long period of time.

"Said defendant has admitted that it negligently created and negligently permitted said nuisance to exist by filling in a short ramp at the place of the defect in its premises soon after the injuries had been caused to this plaintiff by defendant's negligence.

"Said defendant had admitted that it deliberately constructed said variation between that part of the route from the parking lot and across a driveway to the walkway at the junction with which plaintiff tripped and fell; that said defendant planned the construction in that manner for the protection of its building from automobiles passing along the driveway to its drive-up window. But said defendant, in protecting its building, negligently disregarded the safety of its patrons including this plaintiff, by creating such nuisance in the pathway used from the parking lot to the bank entrance by its patrons and customers, including this plaintiff.

"Plaintiff also states that other patrons of the defendant bank had tripped over said ridge prior to the plaintiff so doing and that the defendant had notice of such hazardous condition which it had created and permitted negligently to exist, and did not correct such nuisance and negligent condition until after the plaintiff was injured.

"The plaintff has been informed and verily believes the statements in the foregoing paragraphs, all of which tryable issues she expects to prove at the time of trial.

"That plaintiff has suffered pain and disability from the day of said accident to the present time and her injuries are permanent."

Then followed her signature and the jurat.

The trial court's amended judgment entry, made pursuant to Order of this Court, which instructed him to state his findings of fact and the grounds for sustaining the motion for summary judgment, omitting the caption and signature, reads as follows:

"Motion having been regularly made by the defendant for summary judgment in the defendant's favor on the ground that there is no genuine issue as to any material fact and that said defendant is entitled to judgment as a matter of law;

"Now, therefore, on considering defendant's said motion for summary judgment, the pleadings, plaintiff's discovery deposition and affidavit, and having heard oral argument and having considered authorities cited by the parties hereto and after deliberation having been had, the court now finds that there is no genuine issue as to any material fact between the parties. The court makes this finding after an exhaustive study of legal authorities and court decisions has convinced the court that, as a matter of law, the overwhelming weight of authority in the United States is that the defendant is not liable to plaintiff for alleged injuries sustained by plaintiff when she fell over a one inch difference in the level between the sidewalk and the parking lot located on defendant's premises. That said difference in level was specifically representd by Paragraphs I (4) and II (7), the evidence considered, and the representation of the attorneys to be no more than one inch difference in level between the asphalt parking area and the concrete walkway, and that said difference in level was the sole cause of the injury complained of. Such condition was a minor imperfection in defendant's premises. No liability rests on the owner or occupier of private premises for minor imperfections therein, which are commonly encountered and are to be expected and which are not unreasonably dangerous. To hold otherwise would be to place the owner or occupier in a position of an insurer against every minor imperfection. For the above reason, the court finds that the defendant is entitled to have a summary judgment rendered in its favor as a matter of law.

"It is, therefore, now ordered, adjudged and decreed that the motion for the defendant for summary judgment be and the same is hereby sustained and granted and that judgment be and the same is now and hereby entered in favor of said defendant and against the plaintiff on plaintiff's complaint, as amended by interlineation, with costs to be and hereby are, assessed and taxed against the plaintiff."

The appellant's first contention in her motion for a new trial, that the judgment of the court is not sustained by sufficient evidence, presents nothing for our consideration. In the case of *Nationwide Mutual Insurance Company* v. *Robert Day* (1967), 140 Ind. App. 564, 224 N. E. 2d 520, at p. 522, this Court said:

"The appellant's first contention presents nothing for our consideration. This being an appeal from a negative judgment, the appellant's contention that 'the verdict of the jury is not sustained by sufficient evidence' raises no question for our determination. The general rule of law under such circumstances is clear and well stated in the case of *Wilson, Administratrix* v. *Rollings et al.* (1938), 214 Ind. 155, 158, 14 N. E. 2d 905:

'A verdict or decision against a plaintiff who has the burden of proof does not rest upon the quantum of evidence, hence it may not be asserted that such a disposition of the cause is not sustained by sufficient evidence, though it may be contrary to law. In other words, a negative verdict or decision may not be attacked on the ground that there is a lack of evidence to sustain it . . .' "

The appellant's second contention in her motion for new trial is that the judgment of the court in granting and sustaining the defendant's motion for summary judgment is contrary to law.

Burns' Indiana Statutes, Sec. 2-2524 (c) (1967 Supp.) provides in part as follows:

"The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and

that the moving party is entitled to a judgment as a matter of law . . ."

The summary judgment statute is patterned after Rule 56 of the federal rules of civil procedure. Its purpose is to provide a procedural device for prompt disposition of cases where there are, in reality, no genuine issues of fact to be determined in a trial by either the court or a jury. Moreover, the statute does not contemplate permitting the trial of genuine issues by affidavits and other pleadings, because the summary judgment proceeding is not a trial.

The real purpose of the proceeding is to determine whether there are any genuine issues to be tried. See *Crosby et al.* v. *Oliver Corp.*, 9 F.R.D. 110, S.D. Ohio (1949).

The Fourth Circuit in the case of *Pierce et al.* v. *Ford Motor Co. et al.* (4th Cir. 1951), 190 F. 2d 910, at 915, stated:

"It is only where it is perfectly clear that there are no issues in the case that a summary judgment is proper. Even in cases where the judge is of opinion that he will have to direct a verdict for one party or the other on the issues that have been raised, he should ordinarily hear the evidence and direct the verdict rather than attempt to try the case in advance on a motion for summary judgment, which was never intended to enable parties to evade jury trials or have the judge weigh evidence in advance of its being presented. We had occasion to deal with the undesirability of disposing of cases on motions for summary judgment where there was a real controversy between the parties in the recent case of *Stevens* v. *Howard D. Johnson Co.*, (4 Cir.) 181 F. 2d 390, 394, where we said:

'It must not be forgotten that, in actions at law, trial by jury of disputed questions of fact is guaranteed by the Constitution, and that even questions of law arising in a case involving questions of fact can be more satisfactorily decided when the facts are fully before the court than is possible upon pleadings and affidavits. The motion for summary judgment, authorized by rule 56, Federal Rules of Civil Procedure, 28 U.S.C.A. which in effect legalizes the "speaking" demurrer, has an important place . . . in preventing undue delays in the trial of actions to which there is no real defense; but it should be granted only

where it is perfectly clear that no issue of fact is involved and inquiry into the facts is not desirable to clarify the application of the law. See *Westinghouse Electric Corp. v. Bulldog Electric Products Co.,* (4 Cir.), 179 F. 2d 146; *Wexler v. Maryland State Fair,* (4 Cir.), 164 F. 2d 477. *And this is true even where there is no dispute as to the evidentiary facts in the case but only as to the conclusions to be drawn therefrom.'* (190 F. 2d, at 915; emphasis added.)"

In the work Barron & Holtzoff, Federal Practice and Procedure, Vol. 3, Sec. 1235, concerning summary judgment proceedings under Federal Rule 56, we find the following commentary concerning the burden of proof and presumptions:

"One who moves for summary judgment has the burden of demonstrating clearly that there is no genuine issue of fact. Any doubt as to the existence of such an issue is resolved against him. The evidence presented at the hearing is liberally construed in favor of the party opposing the motion and he is given the benefit of all favorable inferences which might reasonably be drawn from the evidence. Facts asserted by the party opposing the motion and supported by affidavits or other evidentiary material must be taken as true." See also the footnotes cited therein.

In the same work, concerning the matter of applying the summary judgment procedure to negligence cases, we find the following at Sec. 1232.1:

"Summary judgment will not usually be as feasible in negligence cases, where the standard of the reasonable man must be applied to conflicting testimony, as it is in other kinds of litigation . . .

"Summary judgment has been properly granted on motion by the defendant in negligence cases where it conclusively appeared that the plaintiff was barred by law from recovery . . .

"Issues of negligence and contributory negligence generally have to be tried, although there are some instances in which it may appear that even if the facts as claimed by the plaintiff are proven, there can be no recovery. Summary judgment for the defendant is proper in such a case. Even where there is no dispute as to the facts, it is, however, usually for the jury to say whether the conduct in question

met the standard of the reasonable man. Accordingly motions for summary judgment where such issues were involved have usually been denied . . ." (Our emphasis)

The appellant herein was a business invitee of the appellee. A licensee by invitation (invitee) has been described as a person who goes on the premises of another with the express or implied invitation of the owner or occupant, either to transact business with the owner or occupant, or of mutual advantage to both licensee and the owner or occupant of the premises. *Samuel F. Pentecost Const. Co.* v. *O'Donnell* (1942), 112 Ind. App. 47, 39 N. E. 2d 812.

The duty of a business inviter toward a business invitee has been set out in Indiana as follows:

"The inviter has a duty to exercise reasonable care to discover defects or dangerous conditions on the premises, and he will be charged with knowledge of, and held liable for injuries which result from, any dangerous condition which he could have discovered in the exercise of reasonable care." I. L. E. Vol. 21, *Negligence*, Sec. 32, p. 288.

In the case of *Great Atlantic & Pacific Tea Co.* v. *Custin* (1938), 214 Ind. 54, 59, 14 N. E. 2d 538, our Supreme Court stated:

"While it is recognized that the proprietor of a store is not burdened by law with any unusual degree of care for the safety of customers, and in that regard is required only to exercise ordinary care to keep his store in a reasonably safe condition, and is not an insurer of the safety of his customers, *nevertheless, he must maintain it in such a manner as not to cause injury to one lawfully entering the store for the purpose of making purchases.*" (Our emphasis)

Concerning the matter of ingress and egress to and from business premises, we find the following in I. L. E. Vol. 21, *Negligence*, Sec. 34, at page 291:

"An invitation to enter premises carries with it the duty toward the persons invited to provide safe and suitable

means of ingress and egress . . . There is likewise a duty to keep in a reasonably safe condition passages to and from such places as are included within the scope of the invitation."

In the case of *The South Bend Iron Works* v. *Larger* (1894), 11 Ind. App. 367, 370, 39 N. E. 2d 209, this Court stated:

"Actionable negligence consists in the failure of the defendant to discharge some duty or obligation resting upon the defendant toward the plaintiff from which injury has resulted."

After defining the duty owed to trespassers and licensees, the Court went on to say:

"It is only where the injured party comes upon the premises of the owner or proprietor *by invitation,* express or implied, that the latter assumes the obligation of providing safe and suitable means of ingress and egress and of moving about the premises." (Our emphasis)

In the case now before us, there is a question involved of whether the Appellee defendant discharged this duty to the appellant under the facts as alleged in the complaint, the statement of facts in support of the motion for summary judgment, and the affidavit in opposition thereto, and that question is, we think, one on which reasonable men could differ, and therefore was properly a matter for a jury to decide.

In the case of *Tabor* v. *Continental Baking Company* (1941), 110 Ind. App. 633, 641, 38 N. E. 2d 257, we find the following:

"Facts may be undisputed, but if conflicting inferences can be drawn therefrom by reasonable men or sensible impartial men, it is within the province of the jury to determine the particular inference that is to be accepted. *Olsen* v. *Edgerly* (1939), 106 Ind. App. 223, 18 N. E. 2d 937; *New York Central R.R. Co.* v. *Casey* (1938), 214 Ind. 464, 14 N. E. 2d 714; *Baltimore & Ohio R. Co.* v. *Reyher, Admx.* (1940), 216 Ind. 545, 24 N. E. 2d 284. The Supreme Court of this State, in the recent case of *Danner* v. *Marquiss* (1941), 218

Ind. 441, 448, 33 N. E. 2d 511, well states the principle of
law in the following language:

'It was stated definitely in the case of *W. C. DePauw
Co.* v. *Stubblefield* (1892), 132 Ind. 182, 31 N. E. 796,
that when a state of facts and circumstances exists from
which one sensible impartial man would infer that proper
care had not been used, and that negligence existed, while
another man equally sensible and impartial would infer
that proper care had been used, and that there was no
negligence, the question of negligence must be referred to
the jury under proper instructions from the court.' "

At page 646 of the same case, we find the following:

"Without question, the facts alleged and proved showed
such a relation existing between the appellee and the appel-
lant as to impose upon the appellee a legal duty to use due
care toward the appellant. If the evidence was sufficient
for a reasonable mind to infer that the appellee violated
this duty by failing to exercise ordinary care in a particular
that has been alleged, then it was improper for the court to
direct a verdict for the appellee. The terms "due care,"
"ordinary care" and "reasonable prudence" are not terms
that can be arbitrarily defined. They are matters that the
members of the jury may properly determine by referring
to their own experience and observation. So whether the
danger of doing a particular act is apparent to the ordinar-
ily prudent man is particularly a matter that can well be
left to the determination of a fair and impartial jury which
can bring to bear upon the question its varied experience
and knowledge of the affairs of men. Under the provisions
of our Bill of Rights (Article I, Section 20, Constitution of
Indiana), *it must be so left, if conflicting inference might
be drawn by sensible impartial men.*" (Our emphasis)

From the pleadings in the record now before us, we can
determine the relationship between the parties at the time the
plaintiff suffered her alleged injuries. We can determine that
there was a duty owed to the plaintiff-appellant by the defend-
ant-appellee; however, we cannot determine, as a matter of
law, from the pleadings before us, whether the defendant's
maintaining a driveway and a walkway with a one inch rise

between the two areas constituted negligence per se on the part of the defendant, and we cannot determine, as a matter of law, from the pleadings before us, whether the plaintiff was guilty of any contributory negligence in failing to see and in tripping over that rise. We think that these are questions which should be put before a jury for its determination after the matter has been fully and fairly tried.

In our opinion, therefore, the applicable law is accurately stated in the case of *Eleanora B. Cobb Rogers, Plaintiff* v. *Peabody Coal Company* (1965), 342 F. 2d 749 (6th Cir.) at 751, wherein that Court stated:

"This Court has previously noted that there is eminent authority in support of the proposition that issues of negligence are ordinarily not susceptible of summary adjudication, but should be resolved by trial in the ordinary manner. *Aetna Insurance Company* v. *Cooper Wells & Company*, 234 F. 2d 342, 344 (6th Cir. 1956), citing 6 Moore's Federal Practice (2nd ed.) § 56.17 (42) at p. 2232 and cases cited at note 4 therein. It is only in the exceptional negligence case that the rule should be invoked. *Furlong* v. *Stichman*, 24 F.R.D. 400 (D.C. S.D.N.Y. 1959). *And even where the trial judge reasonably may surmise that plaintiff is unlikely to prevail upon a trial, that is not a sufficient basis for refusing him his day in court with respect to issues which are not shown to be sham, frivolous, or so unsubstantial that it would obviously be futile to try them. Harl* v. *Acacia Mutual Life Insurance Company*, 115 U. S. App. D. C. 166, 317 F. 2d 577, 580 (1963), citing with approval *Sprague* v. *Vogt*, 150 F. 2d 795, 801. (8 Cir. 1945). (Our emphasis)

By reason of all of the above and foregoing, we are of the opinion that the trial court was in error in sustaining the defendant's motion for summary judgment, when it appears that there were facts and issues which should properly have been tried by a jury.

The judgment is reversed with instructions to the trial court to reinstate this cause, and for such other proceedings as are not inconsistent with this opinion. Costs taxed against appellee.

Lowdermilk, P.J., Carson, J., concur; Sullivan, J., concurs with results.

NOTE.—Reported in 251 N. E. 2d 52.