KANSAS CITY LIFE INSURANCE COMPANY v. BOLERJACK, ADMINISTRATRIX ET AL.

[No. 969A168. Filed October 27, 1970. No petition for rehearing filed.]

*Shepard J. Crumpacker, John J. Lorber, Crumpacker, May, Levy & Searer,* of South Bend, for appellant.

*F. Richard Kramer, Schindler & Kramer,* of Mishawaka, for appellees.

CARSON, J.—This is an appeal from the St. Joseph Superior Court wherein plaintiffs-appellees filed a complaint against defendant-appellant for the recovery of a death benefit payable under an insurance policy issued by defendant-appellant upon the life of one Paul F. O'Brien.

The issues were formed by appellees' complaint which alleged that appellant issued a policy of insurance upon the life of Paul F. O'Brien, naming them as beneficiaries; that Paul F. O'Brien died of natural causes under circumstances entitling them to payment of the death benefit; that all conditions precedent had been performed, and that the appellant refused to pay the death benefit to them.

Appellant filed an answer and counterclaim in two paragraphs: One paragraph in compliance with Rule 1-3, Rules of the Supreme Court of Indiana, denying that the insured died under circumstances entitling appellees to payment of the death benefit, and further denying the performance of

conditions precedent to recovery; and a second paragraph alleging that the insured, Paul F. O'Brien, falsely represented the state of his health in his written application for insurance; that the misrepresentations were material to the risk incurred; that the appellant tendered a return of premiums to the appellees as soon as it discovered that the insured's representations were false, and, along with its tender of premium into court for the appellees' use and benefit, prayed for rescission and cancellation of the insurance policy.

The appellees filed a reply, which appellant denoted as an answer, denying the material allegations raised in the appellant's second paragraph of answer and counterclaim.

Appellees filed a motion for summary judgment challenging the legal sufficiency of appellant's tender of return of premiums. The court denied appellees' motion for summary judgment and entered the following judgment:

> "Now, Here, hearing is had on motion for summary judgment. And now motion for summary judgment is denied."

A pre-trial conference was held at which time the *only* stipulation shown in the record was to the effect that the issues would be entirely on the affirmative defense of defendant-appellant. *Plaintiffs' attorneys volunteered to prepare a pre-trial order, but none was filed in this case.* The record of the pre-trial conference makes no mention of issues not in controversy as a result of the decision on the motion for summary judgment.

We feel it necessary here to point out that the court speaks only by its record, which is its order book, *State ex rel. Taylor* v. *Offutt, J. etc. et al.* (1956), 235 Ind. 552, 135 N. E. 2d 241, and, thus, any oral stipulations made at pre-trial conference are not binding upon the parties in the absence of a court order.[1] However, in *Prudential Insurance Co.* v.

---

1. See: Ind. Rules of Procedure, TR 16(J), formerly Rule 1-4, Rules of the Supreme Court of Indiana.

*Smith* (1952), 231 Ind. 403, at 415, 108 N. E. 2d 61, at 66, it was held, and we agree, that: "The defenses of rescission for breach of warranty and for fraud were affirmative defenses."

Trial was to the court, without a jury, and at the conclusion of the evidence the parties were instructed to furnish briefs. The trial court filed findings of fact and conclusions of law. Judgment was entered for appellees in the sum of $6,560.

Appellant timely filed motion for a new trial on the following grounds: 1) the verdict or decision is not sustained by sufficient evidence; 2) the verdict or decision is contrary to law; and 3) that appellant failed to introduce evidence of a tender of return of premiums to appellees because of accident or surprise which ordinary prudence could not have guarded against.

Appellant's sole assignment of error is that the trial court erred in overruling the motion for new trial.

## THE DECISION IS SUSTAINED BY SUFFICIENT EVIDENCE AND IS NOT CONTRARY TO LAW

In its original brief, appellant presented two reasons supporting these specifications of error. Subsequently, however, appellant withdrew one, thereby leaving only the question of whether or not the trial court erred in refusing to judicially notice the contents of its own records concerning appellees' motion for summary judgment which challenged the legal sufficiency of appellant's tender of return of premiums. Appellant argues that it was not necessary to introduce proof of tender at the trial since there was sufficient information in the court's own records pertaining to the summary judgment which could have been judicially noticed and from which an inference could have been drawn that appellant tendered return of premiums.

The law is clear as to the correct proceeding in a partial summary judgment. Acts 1965, ch. 90, § 1, p. 126, Ind. Stat. Anno., § 2-2524(d), Burns' 1968 Repl.,[2] provides as follows:

"(d)  Case Not Fully Adjudicated on Motion. If on motion under this rule judgment is not rendered upon the whole case or for all the relief asked and a trial is necessary, the court at the hearing of the motion, by examining the pleadings and the evidence before it and by interrogating counsel, shall if practicable ascertain what material facts exist without substantial controversy and what material facts are actually and in good faith controverted. *It shall thereupon make an order specifying the facts that appear without substantial controversy, including the extent to which the amount of damages or other relief is not in controversy, and directing such further proceedings in the action as are just.* Upon the trial of the action the facts so specified shall be deemed established, and the trial shall be conducted accordingly." (Emphasis supplied.)

The summary judgment statute is so devised as to serve a dual purpose. It *may* be used in limiting issues for trial or for disposing of claims where the court finds an absence of any issue of material fact. When confronted with a motion for summary judgment, the trial court is not to try issues of fact, but is to make only the determination of whether or not any issues exist relating to a material fact which should be tried. *Verplank* v. *Commercial Bank of Crown Point* (1969), 145 Ind. App. 324, 18 Ind. Dec. 495, 251 N. E. 2d 52. If the trial court determines certain facts to be not in issue "[i]t shall thereupon make an order specifying the facts that appear without substantial controversy, . . . ." Section 2-2524(d), *supra.* Thus, it is clear that a trial court in the *absence* of such order would be in error to take judicial notice of such proceedings. Our Supreme Court, speaking on the subject of judicial notice, laid down the following guidelines in *Fletcher, etc. Trust Co.* v. *American State Bank* (1925), 196 Ind. 118, at 134-135, 147 N. E. 524, at 530:

2.  This section was repealed as of January 1, 1970, but was in effect at the time of the trial and is now covered by Rule TR 56(D), Ind. Rules of Trial Procedure, which is identical.

"Generally, judicial notice of certain subjects dispenses with their proof, but such rule does not extend always to matters of fact, for even though the court may, it is not bound, to take judicial notice of all matters of fact of which it may take notice. *It lies within the discretion of the court.* Matters of fact may be subject to a reasonable doubt as to their existence, and inasmuch as judicial notice of a fact takes the place of proof thereof, and is of equal force as the proof, *the court should exercise extreme caution in taking judicial notice of facts subject to proof without introduction of evidence in support of the same.* [Citing authorities.]

"*The procedure, suit, or action sought to be relied upon by the party seeking the relief for a finding in its favor, even though it be a proper matter of evidence to consider in reaching a finding, will not be subject to judicial knowledge without its formal introduction in evidence.*" [Citing authorities.] (Emphasis supplied.)

*From the adjudication rendered by the court concerning the summary judgment, and in the absence of an order stating the contrary, we can only conclude that the denial of the motion for summary judgment indicated that the court has determined the existence of issues relating to the tender which should be tried.*

## SURPRISE OR ACCIDENT

To merit a new trial on this specification of error the surprise must have been one which ordinary prudence could not have guarded against, *Working* v. *Garn, et al.* (1897), 148 Ind. 546, 47 N. E. 951. It is well-settled law that the court speaks only by its record, which is its order book, *State ex rel. Taylor* v. *Offutt, J. etc. et al., supra.*

Counsel for appellant contends that a new trial should be granted because they were misled by a letter written by the trial judge to attorneys for appellant and also to attorneys for appellees concerning the decision of the trial judge to overrule a motion for summary judgment filed by appellees

challenging the tender of premiums made by appellant. Appellant alleges that because of said letter they were led to believe that the question of proper tender was settled since the trial judge had denied appellees' motion for summary judgment. As we pointed out previously, the law is clear concerning the procedure for granting a partial summary judgment; furthermore, we are of the opinion that if counsel for appellant believed the question of tender was without controversy, some mention of the stipulated fact should have been made at the pre-trial conference. The record does not disclose any action to that effect.

Finally, our Supreme Court, in *State ex rel. Taylor* v. *Offutt, J. etc. et al., supra,* when faced with a similar situation, held that a letter sent to the attorneys for appellant and appellees constituted foreign matter to the record and, thus, was not properly considered in the appeal. Our Supreme Court at 555-556 of 235 Ind., at 243 of 135 N. E. 2d, reasoned as follows:

> "Relator sets forth in the record before us a letter written by the respondent judge to attorneys for both parties, giving his reasons for overruling relator's motion to strike out the citation. Relator argues as to the sufficiency of the letter which he contends ambiguously refers to a previous decree or ruling of the court and the date thereof. We do not believe relator's contention is material, but in any event we should not consider matter foreign to the record, as it is well settled a court speaks only by its record, which is its order book, and the order book entries are not dependent for their stability or validity on outside memoranda. *Cook* v. *State* (1941), 219 Ind. 234, 37 N. E. 2d 63."

Appellant having failed to demonstrate reversible error, the judgment of the trial court should be affirmed.

Judgment affirmed.

Lowdermilk, C.J. and Sullivan, J., concur.

Cooper, J. participated in a conference of the Judges, but his untimely death occurred prior to the filing of this opinion.

636

Lybrook, J., not participating.

NOTE.—Reported in 263 N. E. 2d 375.