**NORTHLAND INSURANCE COMPANY, Plaintiff,**

v.

**David and Sue GRAY d/b/a D & S R.V. & Marine Transport, Defendants.**

**No. 3:02CV0488AS.**

United States District Court, N.D. Indiana, South Bend Division.

Jan. 6, 2003.

John C. Trimble, Lewis and Wagner, Indianapolis, IN, for plaintiff.

Stephen H. Downs, Wabash, IN, for defendants.

### MEMORANDUM AND ORDER

ALLEN SHARP, District Judge.

This matter is before the Court on Defendants', David and Sue Gray d/b/a D & S R.V. & Marine Transport, ("the Grays"), motion to dismiss Plaintiff's, Northland Insurance Company, ("Northland") complaint. Northland is a property and casualty insurance company and at all times pertinent herein, there was in effect a motor vehicle insurance policy sold by Northland to the Grays as named insureds. The Court heard oral argument on this matter on December 19, 2002, in South Bend, Indiana.

### I. BACKGROUND

On or about October 28, 2001, the Grays were involved in a motor vehicle accident near Aurora, Nebraska. While traveling through Nebraska, one of the tires of the Grays' vehicle suffered a blow-out and the vehicle veered off of the road and struck abandoned duals (semi-truck tires). As a result of this accident, the vehicle rolled

causing property damage to the Grays' vehicle as well as bodily injury to Mrs. Gray. The Grays made demands to Northland for payment under the uninsured motorist provisions of their policy after they were unable to identify the owner of the duals. In response to the Grays' demands, Northland denied coverage under the policy and filed suit on July 15, 2001 in this Court. The Grays have filed this motion to dismiss on the basis that Northland's declaratory judgment action was premature and deprived the Grays of their choice of forum.

## II. STANDARD OF REVIEW

■ This case has been brought under the Declaratory Judgment Act, 28 U.S.C. § 2201. The Declaratory Judgment Act authorizes federal courts to "declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201. The Act is designed to afford parties who are threatened with liability but are otherwise without a satisfactory remedy a means for early adjudication of the controversy. *Collin County v. HAVEN*, 915 F.2d 167, 170 (5th Cir.1990). The existence of a controversy is crucial, because the "case or controversy" requirement of Article III of the Constitution is applicable to declaratory judgments. *Foster v. Center Twnshp. of LaPorte County*, 798 F.2d 237, 239 (7th Cir.1986).

■ To show an "actual controversy" as required by 28 U.S.C. § 2201, the plaintiff in a declaratory judgment action must show that she has sustained, or is in immediate danger of sustaining, a direct injury as the result of the defendant's conduct. *Id.* The threat of injury must be real and immediate, not conjectural or hypothetical. *Id.* Stated another way, there must be a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issu-

ance of a declaratory judgment. *Golden v. Zwickler*, 394 U.S. 103, 108, 89 S.Ct. 956, 22 L.Ed.2d 113 (1969); *See also, In re VMS Securities Litigation*, 103 F.3d 1317, 1327 (7th Cir.1996), *quoting Maryland Cas. Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273, 61 S.Ct. 510, 85 L.Ed. 826 (1941). In the absence of a controversy, the case is moot. Federal courts are without the power to entertain moot cases.

## III. DISCUSSION

### A. Actual Controversy

■ For purposes of determining whether a court should entertain a declaratory judgment action, an "actual controversy" exists when "the facts alleged under all circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant issuance of a declaratory judgment." *In re VMS Securities Litigation*, 103 F.3d 1317, 1327 (7th Cir.1996), *quoting, Maryland Cas. Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273, 61 S.Ct. 510, 85 L.Ed. 826 (1941). In the present case, there is a showing that a controversy existed between the parties, having adverse legal interests. The existence of a controversy is corroborated by the reported claim by the Grays under their uninsured motorist coverage, as well as requested information and documents from Northland by counsel on behalf of the Grays. Also, on April 22, 2002, counsel for the Grays demanded payment of the Grays' uninsured motorist policy limits which was denied by Northland.

### B. "Natural Plaintiffs"

■ The Grays argue in their motion to dismiss, that Northland, by filing suit in Indiana, was attempting to wrest the choice of forum away from the "natural plaintiffs," the Grays. The Grays contend that they had until October of 2003 to

investigate the facts and make the decision of whether or not to engaged in litigation with Northland and that their act of filing suit 'early' is contrary to the intent of the Declaratory Judgment Act. A suit for declaratory judgment aimed solely at wresting the choice of forum from the 'natural' plaintiff will normally be dismissed and the case allowed to proceed in the usual way. *See, NUCOR Corp. v. Aceros Y Maquilas de Occidente, S.A. de C.V.*, 28 F.3d 572, 577–78 (7th Cir.1994) *quoting Allendale Mutual Ins. Co. v. Bull Data Systems, Inc.*, 10 F.3d 425, 431 (7th Cir.1993). The Grays argue that they had until October of 2003 to investigate the facts and make a decision as whether or not to engaged in litigation. The issues in this case concern whether the Grays have coverage under the uninsured motorist protection issued by Northland, and if coverage exists, the amount of the policy limits available. Further investigation will not change whether or not the Grays have coverage in regards to the October 28, 2001 accident under the Northland policy.

Moreover, in the present case, the declaratory action filed by Northland will resolve the disputed legal relationship of the parties. There is no evidence that Northland filed suit solely to deprive the Grays of their ability to choose the forum. *NUCOR* states that if the declaratory judgment will clarify and settle the disputed legal relationships and afford relief from the uncertainty and controversy that created the issues, it is usually resolved rather than dismissed. *NUCOR*, 28 F.3d 572, 578, *citing, Tempco Electric Heater Corp. v. Omega Engineering Inc.*, 819 F.2d 746, 749 (7th Cir.1987).

## C. Uninsured Motorist Coverage

Northland argues that declaratory action is appropriate because the Court's assistance is required to determine whether Northland owes any coverage to the Grays under its policy. Under the terms of the Northland policy, an uninsured motor vehicle is defined as follows:

'Uninsured motorist vehicle' means a land motor vehicle or trailer:

a.  For which no liability bond or policy at the time of the 'accident' provides at least the amount required by the financial responsibility law of Indiana;

b.  For which an insured or bonding company denies coverage or is or becomes insolvent, or

c.  Which is a hit-and-run vehicle and neither the driver nor the owner can be identified. A hit-and-run vehicle is one that causes 'bodily injury' to an 'insured' by hitting the 'insured', a covered 'auto' or vehicle and 'insured' is 'occupying.'

However, uninsured motor vehicle' does not include any vehicle:

a.  Owned or operated by a self-insurer under any applicable motor vehicle law, except a self-insurer who is or becomes insolvent and cannot provide the amounts required by that motor vehicle law.

b.  Owned by a governmental unit or agency

c.  Designed for use mainly off public roads while not on public roads.

Northland contends that the Grays' accident did not involve an 'uninsured motor vehicle' as defined under the policy or as interpreted under Indiana law. Northland cites to an Indiana Appellate Court case *Blankenbaker v. Great Central Ins. Co.*, 151 Ind.App. 693, 281 N.E.2d 496 (1972), which is very similar to the facts of the present case. The insureds in *Blankenbaker* were involved in a single vehicle collision, the difference is that the Grays' accident involved a collision with abandoned truck tires on the side of the road instead of a tire truck rim as in *Blanken-*

*baker.* Following the single vehicle accident, *Blankenbaker* filed a claim under the uninsured motorist provision of his policy as did the Grays.

In *Blankenbaker,* the insurer, Great Central brought a declaratory judgment action against Blankenbaker on the issue of whether he had the right to recover under the uninsured motorist provision of the policy. The Court in *Blankenbaker* held that he did not. Similarly, the tires on the side of the road in this case do not constitute an "automobile", or 'motor vehicle' which has been defined to mean a four-wheel land motor vehicle containing within itself methods of propulsion by some form of motor. *Id.* Therefore, comparable to *Blankenbaker,* the uninsured motorist provision, as defined under the Grays' policy, does not apply to the October 28, 2001 accident.

**D. Non-liability**

The Grays contend that the purpose of the Declaratory Judgment Act is not to enable a prospective defendant in an action to obtain a declaration of non-liability. Northland argues to the contrary, citing various cases which illustrate, that the declaratory action is a frequently used mechanism for resolving disputes between insurers and insureds. *See, Employers Ins. of Wausau v. Stopher,* 155 F.3d 892 (7th Cir.1998); *Essex Ins. Co. v. Kasten Railcar Srv. Inc.,* 129 F.3d 947 (7th Cir.1997); *Allen v. Transamerica Ins. Co.,* 128 F.3d 462 (7th Cir.1997); *Life Ins. Co. of North America v. Von Valtier,* 116 F.3d 279 (7th Cir.1997). Northland further argues that it not only seeks for this Court to determine whether it owes coverage, but if so, to what extent.

The Grays argue that in *Cunningham Brothers Inc. v. Bail,* 407 F.2d 1165 (7th Cir.1969), the declaratory plaintiff sought determination that it could not be liable and the court held that "... it is not one of

the purpose of the declaratory judgment acts to enable a prospective negligence action defendant to obtain a declaration of non-liability." The Grays also cite to *BASF Corp. v. Symington,* 50 F.3d 555 (8th Cir.1995), and argue "... where a declaratory plaintiff raises chiefly affirmative defenses ... no declaratory judgment should issue."

Northland counters the Grays' *Cunningham and BASF* arguments stating that in the present case there is no negligence action which the Grays could bring against Northland. Northland did not own, place, or control the duals that Mr. Gray collided with on the side of the road, nor did Northland contribute to the injuries of Mrs. Gray. Further, Northland argues that contrary to *BASF,* the declaratory judgment sought in the present case does not exclusively involve an affirmative defense. Rather, Northland has requested that the court determine the contractual rights of the parties based upon its policy of insurance. Northland's position is that the contract shows the Grays are not entitled to insurance coverage for the reason that the duals struck by Mr. Gray do not constitute an 'uninsured motorist.'

**IV. CONCLUSION**

There is no proof presented by the Grays that Northland's sole basis for filing suit was to deny the Grays their legitimate choice of forum and time for suit. Nor does Northland's complaint wrongfully seek to use the Declaratory Judgment Act to obtain a declaration of non-liability. Northland's declaratory action was filed because of a legitimate controversy that existed between these two parties. Therefore, Defendants' motion to dismiss Plaintiff's complaint is **DENIED.** Northland is under no duty to pay any amounts to David and Sue Gray arising from or relating to the October 28, 2001 accident due to

the fact that the accident did not involve an 'uninsured motor vehicle' as defined under the policy.

**IT IS SO ORDERED.**