Marsha **LEDBETTER,** and Dorman Ledbetter, Individually and As Parents of Trenda Sue Ledbetter, Deceased, Appellants–Petitioners,

v.

**BALL MEMORIAL HOSPITAL,** Ronald W. Louks, M.D., Purdue Avenue Internists, P.C., Christina C. Drummond, M.D., John Wulff, M.D., Appellees–Respondents.

No. 18A02–9907–CV–459.

Court of Appeals of Indiana.

Feb. 29, 2000.

Vernon J. Petri, Michael L. Hanley, Vernon J. Petri & Associates, Indianapolis, Indiana, Attorneys for Appellants.

Michael D. Conner, Browne Spitzer Herriman Stephenson Holderead & Musser, Marion, Indiana, Attorney for Appellees Ronald W. Louks, M.D. and Purdue Avenue Internists, P.C.

Kelly J. Pitcher, Andrew J. Miroff, Ice Miller Donadio & Ryan, Indianapolis, Indiana, Attorneys for Appellee Ball Memorial Hospital.

Edna M. Koch, Zeigler Carter Cohen & Koch, Indianapolis, Indiana, Attorney for Appellee Christina M. Drummond.

Robert Weddle, Tabbert Hahn Earnest Weddle & Starkey, Indianapolis, Indiana, Attorney for Appellee John Wulff, M.D.

## OPINION

BAKER, Judge

Appellants-petitioners Marsha Ledbetter and Dorman Ledbetter, (the Ledbetters), individually and as parents of Tren-

da Sue Ledbetter, deceased, appeal the trial court's grant of summary judgment in favor of appellees-respondents Ball Memorial Hospital, Ronald W. Louks, M.D., Purdue Avenue Internists, P.C., Christina C. Drummond, M.D., and John Wulff, M.D. (collectively, "Healthcare Providers"). Specifically, the Ledbetters advance several arguments which we restate as three: (1) whether the trial court erred in finding there was no genuine issue of material fact concerning the definition of "is enrolled," and thus of "child," in the Indiana Child Wrongful Death Act;[1] (2) whether the trial court erred in striking portions of designated evidence regarding their daughter's intent to pursue a degree; and (3) whether the Indiana Child Wrongful Death Act is unconstitutional as applied to bar recovery for the death of their daughter.

### FACTS

Trenda Sue Ledbetter was born on November 23, 1974 and was twenty years old when she died on July 1, 1995. At the time of her death she was unmarried and had no dependents. Trenda lived with her parents at least in part because she suffered from seizures. Trenda graduated from high school on June 3, 1993 and enrolled in Ivy Tech for the fall semester of 1993. After completing the fall semester, Trenda dropped out and did not return to Ivy Tech. She enrolled again at Ivy Tech for the spring semester of 1994 but withdrew and instead attended adult basic education classes administered by the New Castle Community School Corporation. Trenda attended these adult basic education classes from January 26, 1994 through May 9, 1994. Except for the brief period of enrollment at Ivy Tech in 1993, Trenda was not enrolled in any other institution of higher education or in a vocational school or program from the date of her high school graduation up to the time of her death.

On June 16, 1997, following Trenda's death, the Ledbetters filed a Proposed Complaint with the Indiana Department of Insurance against the above-named health care providers alleging medical malpractice resulting in the death of their daughter. The Ledbetters then filed an Amended Proposed Complaint for Damages on June 17, 1997.

On February 12, 1999, Ball Memorial Hospital, Dr. Louks, and Purdue Avenue Internists, P.C. filed a motion for summary judgment, contending that Trenda was not a child as defined by Indiana's Wrongful Death of a Child Act because she was twenty years old and not enrolled in an institution of higher learning. On February 16 and 17, 1999 respectively, Dr. Drummond and Dr. Wulff requested permission to join in the summary judgment motion, and the trial court granted permission. On March 29, 1999, the Ledbetters filed their response to the health care providers' summary judgment motion. The Ledbetters designated the following as evidence in opposition of summary judgment: an affidavit of Cathie Smith, instructor for Adult Basic Education, affidavits of Marsha Ledbetter and of Theresa Ledbetter, Trenda's sister, and the Ledbetters' answer to a Ball Memorial Hospital interrogatory. The Ledbetters contended that Trenda was a "child" for the purposes of I.C. § 34–23–2–1 because when she died she was unmarried and without dependents, and because she had been impeded from pursuing her degree at Ivy Tech because of physical and mental handicaps but had continuously expressed an intent to return to Ivy Tech.

Following the Ledbetters' response to its motion for summary judgment, Ball Memorial Hospital moved to strike the Ledbetters' response and certain paragraphs of affidavits of Cathie Smith, Marsha Ledbetter, and Theresa Ledbetter. The other Healthcare Providers joined in the motion to strike. On May 11, 1999, the Ledbetters filed their response to the motion to strike. The trial court then heard oral arguments on the motion to strike and

---

1. IND. CODE § 34–23–2–1 *et seq.*

the motion for summary judgment on May 11, 1999. On the same date, the trial court issued its order granting Healthcare Providers' motion to strike parts of the Ledbetters' designated evidence pertaining to Trenda's intent to pursue a degree. The trial court also denied the Healthcare Providers' motion to strike the Ledbetters' entire response to the motion for summary judgment as untimely. Finally, the trial court took the motion for summary judgment under advisement and granted the parties ten days to submit proposed findings of fact, conclusions of law, and judgments.

On May 24, 1999, the trial court entered its Findings of Fact, Conclusions of Law and Judgment. It found that Trenda was not a "child" within the meaning of I.C. § 34-23-2-1 because she was twenty years of age at her death and was not enrolled in an institution of higher learning or a vocational school or program. It further found that, for that reason, the Ledbetters did not have a cause of action under I.C. § 34-23-2-1 and thus granted summary judgment in favor of the Healthcare Providers. From this judgment, the Ledbetters now appeal.

## DISCUSSION AND DECISION

### I. Standard of Review

██ Our standard for review of an entry of summary judgment is well established: we follow the same standards as the trial court. *Butler v. City of Indianapolis,* 668 N.E.2d 1227, 1228 (Ind.1996). Summary judgment is appropriate if the pleadings and evidence show both the absence of a genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law. *Id.* Furthermore, the reviewing court is not bound by the trial court's specific findings of fact and conclusions of law, which merely aid the review by providing reasons for the trial court's actions. *Rice v. Strunk,* 670 N.E.2d 1280, 1283 (Ind.1996). If the trial court's entry of summary judgment can be sustained on any theory or basis in the record, the Court of Appeals must affirm.

*Shand Mining, Inc. v. Clay County Bd. of Commissioners,* 671 N.E.2d 477, 480 (Ind. Ct.App.1996), *trans. denied.*

### II. Issues of Material Fact

### A. Meaning of "Enrolled" and "Child"

██ The Ledbetters first contend that Indiana has not addressed the question of what "is enrolled" signifies as set forth in the Child Wrongful Death Act. Specifically, they maintain that the term is ambiguous, and they argue for an interpretation of the term which would encompass "in pursuit of" a degree as well as "attending."

We note that, pursuant to the Child Wrongful Death Act, a decedent is a child if, at the time of death, she is (1) unmarried; (2) without dependents; and (3) under twenty (20) years of age. IND.CODE § 34-23-2-1(a)(1). Alternatively, a decedent is a child if the above conditions (1) and (2) obtain and, in addition, the decedent is under twenty-three (23) years old and enrolled in an institution of higher learning or any vocational school program. I.C. § 34-23-2-1(a)(2).

We note further that we have attempted to give this statute a liberal construction. In a recent case brought under the same statute, *Sweet v. Art Pape Transfer, Inc.,* 721 N.E.2d 311 (Ind.Ct.App.1999), *trans. pending,* a twenty-one-year-old woman was killed. At the time of her death she was an employee in a vocational program and was pursuing studies in the same vocational program. However, because of her status as an employee at the vocational program, she was not required to complete the ordinarily required paperwork for enrollment until she sought her final diploma. We discussed the meaning of the statutory language "enrolled" and recognized the definition provided in *Black's Law Dictionary:* "[t]o register; to make a record; to enter on the rolls of a court; to transcribe." *Sweet,* 721 N.E.2d at 313. However, we found that the decedent had no reason to complete a formal enrollment process because of her employment status

and thus found that she was enrolled in the program. We concluded that while written enrollment was absent in this case, it was both superfluous in her case and not required by the statute. *See Sweet,* 721 N.E.2d at 314.

■ In this case, however, there is no evidence from an institution of higher education or vocational program, as there was in *Sweet,* linking Trenda to its program. Trenda had last been enrolled in a vocational program at Ivy Tech nearly two years prior to her death. R. at 69, 66. The Ledbetters now contend that "enrollment" can mean "in pursuit of a degree," and that one may pursue a degree without any evidence of one's being registered in any appropriate institution or program. Despite our sympathy for the great loss the Ledbetters have sustained as parents, we cannot in good faith stretch the meaning of the statute as far as they suggest. Thus, we hold that "is enrolled" unambiguously means to be registered in a school, or to be *de facto* registered, as in *Sweet,* 721 N.E.2d at 314. In Trenda's case, we find no evidence of enrollment in any institution of higher learning or vocational program for over one year before her death. Thus, the trial court did not err in finding that she was not "enrolled" and hence did not meet the definition of a "child."

### B. Exclusion of Evidence of Intention

■ The Ledbetters next argue that the trial court erred in excluding as hearsay portions of affidavits which were part of their designated evidence. The disputed portions each made reference to Trenda's expressed intent to return to Ivy Tech and to pursue a degree there.

■ We note initially that reviewing courts give great deference to the evidentiary decisions of the trial court. *Ford v. State,* 704 N.E.2d 457, 459 (Ind.1998). We review only for an abuse of discretion and reverse only when the decision is clearly against the logic and effect of the facts and circumstances. *Id.*

■ Furthermore, irrelevant evidence may be excluded by the trial court. Ind.

Evidence Rule 402. In addition, an out-of-court statement made by the declarant, and offered into evidence to prove the truth of the matter asserted, is hearsay evidence. Evid. R. 801(c). Such evidence is inadmissible except as provided by the Evidence Rules. Evid. R. 802. One such exception, asserted by the Ledbetters, is that of "then existing state of mind." Evid. Rule 803(3). However, this exception applies only if the declarant's state of mind is at issue. *Ross v. State,* 676 N.E.2d 339, 345 (Ind.1996) (where victim's state of mind is not at issue, victim's hearsay statement is not admissible to show state of mind). In this case, we have already found that the mere intent of a person to pursue a degree is not the same as the enrollment required by the Child Wrongful Death Act. Thus, Trenda's existing state of mind prior to her death is not at issue in this case. *See Ross* at 345. For the same reason, the trial court could, within its discretion, exclude the evidence as irrelevant. Evid. R. 402. Thus, we find that the trial court did not abuse its discretion in excluding the disputed evidence.

### III. Constitutionality of the Statute

Finally, the Ledbetters contend that the Child Wrongful Death Act is unconstitutional as applied to bar their recovery for the death of Trenda. Specifically, they argue that the Act violates the Privileges and Immunities Clause of the Indiana Constitution, article I, § 23.

■ Article I, § 23 of our state constitution provides that: "The General Assembly shall not grant any citizen, or class of citizens, privileges or immunities, which, upon the same terms, shall not equally belong to all citizens." In examining statutes which grant unequal privileges or immunities to differing classes of persons, we must first ascertain whether the disparate treatment accorded by the legislation is "reasonably related to inherent characteristics which distinguish the unequally treated classes." *Collins v. Day,* 644 N.E.2d 72, 80 (Ind.1994). Next, we must

determine whether the preferential treatment is uniformly applicable and equally available to all persons similarly situated. *Id.* In addition, we must "exercise substantial deference to legislative discretion." *Id.*

In this case, we recognize that the Child Wrongful Death statute treats parents of children ages twenty to twenty-three and not pursuing post-secondary education differently from the parents of children in the same age bracket who are pursuing post-secondary education. However, there is a rationale for such treatment: the inherent characteristics of the group of twenty- to twenty-three-year-olds still pursuing post-secondary education include a dependence on their parents not generally shared by those who are free to hold jobs at that age. *See Collins*, 644 N.E.2d at 80. Second, the preferential treatment is uniformly applicable and equally available to all persons similarly situated, that is to all parents of twenty- to twenty-three-year-olds who are enrolled in post-secondary institutions or programs. *See id.* We observe that this court has been willing to interpret "enrolled" as liberally as it can and still remain within the clear meaning of the statute. *See Sweet*, 721 N.E.2d at 314. Because we must exercise substantial deference to legislative discretion, we are not free to conclude that a better law might have included all children under twenty-three who are for any reason dependent on their parents. *See Collins*, 644 N.E.2d at 80. For all of the above reasons, we find that the Child Wrongful Death Law does not violate art. I, § 23 of the Indiana Constitution as applied to the Ledbetters' medical malpractice claim against the Healthcare Providers for their deceased daughter.

### CONCLUSION

In conclusion, we affirm the trial court's grant of summary judgment in favor of the Healthcare Providers. We find that Trenda was twenty years old when she died and was not enrolled in an institution of higher learning or a vocational program. Thus, she was not a "child" under the Child Wrongful Death Act. We further find that the trial court did not abuse its discretion in striking portions of the designated evidence. Finally, we find that the Child Wrongful Death Act does not violate art. I, § 23 of the Indiana Constitution as applied to bar the Ledbetters' claim.

Judgment affirmed.

SULLIVAN, J., and STATON, J., concur.