Melissa **WILL,** Appellant–Plaintiff,

v.

**MERIDIAN INSURANCE GROUP, INC.,** Appellee–Defendant.

No. 45A05–0203–CV–127.

Court of Appeals of Indiana.

Oct. 28, 2002.

Benjamin W. Murphy, Walter J. Alvarez, Andrew M. Yoder, Crown Point, for Appellant.

Nick Katich, Merrillville, for Appellee.

## OPINION

RATLIFF, Senior Judge.

### STATEMENT OF THE CASE

Plaintiff–Appellant Melissa Will ("Will") appeals the trial court's grant of summary judgment in favor of Appellee–Defendant Meridian Insurance Group, Inc. ("Meridian").

We reverse and remand.

### ISSUE

Will raises one issue for our review, which we restate as: Whether the trial court erred in determining that Meridian designated sufficient evidence to establish that there were no genuine issues of material fact.

### FACTS

On May 14, 1999, Will was driving her father's automobile northbound on U.S. 41 in Lake County, Indiana. Traveling at about fifty-five miles per hour, Will came upon a four to five foot pile of wood, shingles, roofing material, and nails spread over both lanes of the highway. Will attempted to avoid the pile of debris; however, the automobile collided with the pile, went airborne, and rolled over four or five times. Will and a passenger were injured in the collision.

Will attempted to receive payment from Meridian for bills arising from treatment of her injuries. Meridian, who was the insurer of the automobile Will was driving, denied coverage. Will filed a complaint against Meridian in which she alleged that the pile of debris had been left on the roadway by an unidentified motorist, that the unidentified motorist was an uninsured motorist under the terms of the Meridian insurance policy, and that Meridian refused to pay for the injuries caused by the actions of the uninsured motorist. The uninsured motorist provision of the Meridian policy at issue provides for coverage when an insured is injured by an "uninsured motor vehicle," which is defined, in part, as "a hit-and-run vehicle whose owner or operator cannot be identified" and which "hits" (1) the insured or a family member; (2) an automobile which the insured or a family member is occupying; or (3) the insured's covered automobile. (Appellee's Supp.App. at 10).

Meridian filed a motion for summary judgment alleging that it was not required to pay the bills for Will's injuries because her father's automobile was not "hit" by an uninsured motor vehicle. After a hearing on Meridian's motion, the trial court granted summary judgment in Meridian's favor. Will now appeals.

## DISCUSSION AND DECISION

Will contends that the trial court erred in determining there was no disputed issue of material fact on the question of whether her injuries occurred when her father's automobile was "hit" by a hit-and-run vehicle. Specifically, she claims that there was a question of fact as to whether there was "indirect" physical contact between her father's automobile and the unidentified vehicle.

■ Meridian counters that summary judgment was appropriate as a matter of law. It observes that this appeal turns on an interpretation of the term "hits" as it is used in Meridian's insurance policy with Will's father. It further observes that as a general rule interpretation of a written contract is a question of law for which summary judgment is particularly appropriate. *See Art Country Squire, LLC v. Inland Mortgage Corp.*, 745 N.E.2d 885, 889 (Ind.Ct.App.2001).

While we agree with the general rule stated by Meridian, we note that the rule applies only when the contract is unambiguous and/or when the contract's meaning can be ascertained without reference to extrinsic evidence. *See Clyde E. Williams & Associates, Inc. v. Boatman*, 176 Ind. App. 430, 375 N.E.2d 1138, 1141 (1978). This court previously has determined that the language at issue here is ambiguous and that it should be interpreted by reference to extrinsic facts to ascertain whether either direct or indirect physical contact has occurred. *See Rice v. Meridian Insurance Co.*, 751 N.E.2d 685, 688 (Ind.Ct. App.2001), *trans. denied*. The court has also determined that provisions with similar language are ambiguous and require reference to extrinsic facts. *See Ackles v. Hartford Underwriters Insurance Corp.*, 699 N.E.2d 740 (Ind.Ct.App.1998), *trans. denied* (interpreting a provision which defined a "hit-and-run vehicle" as one that causes bodily injury by "hitting" the insured, a covered automobile, or a vehicle the insured is occupying); *Allied Fidelity Insurance Co. v. Lamb*, 361 N.E.2d 174 (Ind.Ct.App.1977) (interpreting a provision which provided coverage when a hit-and-run vehicle came into "physical contact" with the insured's automobile).

The Indiana case law interpreting uninsured motorist provisions as they pertain to hit-and-run drivers has evolved from the rejection of the "indirect physical contact" concept in *Blankenbaker v. Great Central Insurance Co.*, 151 Ind.App. 693, 281 N.E.2d 496 (1972) to the acceptance of indirect contact in *Lamb* and *Ackles* when a "continued transmission of force indirectly and contemporaneously [causes contact] through an intermediate object." Thus, in *Lamb* we held that an injured party was covered under the uninsured motorist provision of her insurance contract when a hit-and-run vehicle caused a rock to crash through the window of the insured's automobile. We noted that coverage may also exist where an unidentified vehicle strikes another vehicle propelling it into the insured's automobile and where the unidentified automobile strikes a telephone pole causing it to strike the insured's automobile. *Lamb*, 361 N.E.2d at 179. Also, we held in *Ackles* that summary judgment for the insurer was inappropriate when there was designated evidence that "based upon the movement of [a sheet of] fiberglass" a witness believed that the fiberglass had "come off" the flatbed trailer the witness observed proceeding past the insured's vehicle. 699 N.E.2d at 742.

In *Rice*, however, we affirmed the grant of summary judgment for the insurer when the designated evidence indicated that the insured driver was injured when her automobile struck a culvert after she swerved the automobile to avoid a head-on collision with an unidentified vehicle. In

doing so, we noted that the unidentified vehicle had not struck either the insured's automobile or the culvert. 751 N.E.2d at 688. We reiterated our definition of "indirect physical contact" as occurring "when an unidentified vehicle strikes an object impelling it to strike the insured automobile and a substantial nexus between the unidentified vehicle and the intermediate object is established." *Id.* at 689 (quoting *Lamb*, 361 N.E.2d at 179).

In considering the facts before us, we note that it has been our concern that an insured whose injuries were caused by his own negligence not be allowed to recover under the uninsured motorist provision by fraudulently claiming that the injuries were caused by a hit-and-run driver. *See e.g. Lamb*, 361 N.E.2d at 178. This concern has been expressed in other states on the basis that "the purpose of interpreting a 'hit-and-run accident' as requiring physical contact between the insured and the unidentified motor vehicle is to prevent a fraudulent claim about a phantom motor vehicle when the insured's loss of control causes the accident." *Theis v. Midwest Security Insurance Co.*, 232 Wis.2d 749, 606 N.W.2d 162 (2000).

Our review of cases from other states discloses that the states are in agreement that no coverage is provided in "miss-and-run" situations. We joined these states in refusing to find coverage under the facts set forth in *Rice*. The states differ significantly, however, in their application of uninsured motorist coverage to fact situations in which the insured is injured by impelled objects, by still-moving vehicle parts or loads, or by collision with stationary parts or loads that are left upon the road. The resolutions by the various states turn upon the application of the state's statutes or the insurance policy's language to the particular facts under consideration.

In determining whether Meridian has succeeded in designating sufficient evidence to indicate that there is no genuine issue of material fact in this case, we find two cases from other states to be helpful in our consideration of this case. The cases serve as an aid to us because they explore the issue of coverage under factual situations that have not been presented to the appellate courts of this state.

First, in *Atwood v. State Farm Mutual Insurance Co.*, 68 Ohio App.3d 179, 587 N.E.2d 936 (1990), the court was asked to determine whether an insured was entitled to recover under the uninsured motorist provisions of an insurance contract when a portion of a load of limestone fell from a passing truck and struck the insured's vehicle. The court held that a hit-and-run vehicle's "load" was a part of the vehicle and that the vehicle "struck" the insured's automobile when the limestone flew off the vehicle and made contact with the insured's automobile. *Id.* at 938. The court further held that the limestone would have ceased being part of the vehicle if it had "lost the momentum caused by the speed of the vehicle." *Id.* The trial court's grant of summary judgment for the insurer was reversed because there was "a genuine issue of fact as to whether the limestone from the passing truck striking [the insured's] windshield and injuring him was a sufficient striking or 'actual physical contact' ... to require coverage under the uninsured motorist clause of [the insured's] policy." *Id.*

Second, in *Berry v. State Farm Mutual Automobile Insurance Co.*, 219 Mich.App. 340, 556 N.W.2d 207 (1996), the court was asked to determine whether an insured was "struck" by an uninsured motor vehicle when the insured's automobile ran over a piece of metal that had come to rest in the road. The court held that because a man had been inspecting a load of scrap

metal in a trailer at a time (within fifteen minutes) and location (approximately ½ mile south of the accident site) that was "temporarily and spatially proximate to the plaintiff's striking a piece of metal in the road," it was reasonable to conclude "that the legal requirement of a substantial nexus between the hit-and-run vehicle and the object struck by the plaintiff was established." *Id.* at 212. With regard to the requirement that a "continuous and contemporaneous force" be transmitted from the hit-and-run vehicle to the insured, the court held that the presence of a "continuous and contemporaneously transmitted" force "is a significant, but not dispositive, factor to be considered in indirect contact cases in determining whether the requisite substantial physical nexus has been established." *Id.* The court noted that whether an object comes to rest after being deposited upon the roadway or is a continuous and contemporaneously transmitted force "makes little difference in principle," although the burden of proof may be more rigorous in the former fact situation. *Id.* The court concluded that "there is testimony that provides the convincing and objective evidence of a hit-and-run vehicle in the absence of a continuous and contemporaneously transmitted force . . . [because] testimony establishes a continuous sequence of events with a clearly definable beginning and ending, resulting in plaintiff's coming into contact with the piece of metal." *Id.*[1]

█ Under the case law discussed above, including Indiana case law and the cases from other states dealing with factual situations similar to the one now at issue, Will can recover upon providing evidence sufficient to establish that there was a continuous sequence of events that clearly began with a load of debris falling from an unidentified vehicle and ended in Will's contact with the pile of debris. This is a heavy burden; however, it is a burden that Will does not have to shoulder at this stage of the proceeding.

█ Under our summary judgment procedure, Meridian, as the party moving for summary judgment, has the burden of establishing the absence of any genuine issue of material fact as to a determinative issue. *See Jarboe v. Landmark Community Newspapers,* 644 N.E.2d 118, 123 (Ind.1994); *Lenhardt Tool & Die Co. v. Lumpe,* 703 N.E.2d 1079, 1082 (Ind.Ct. App.1998), *trans. denied.* A genuine issue of material fact exists "where facts concerning an issue which would dispose of litigation are in dispute or where the undisputed facts are capable of supporting conflicting inferences on such an issue." *Briggs v. Finley,* 631 N.E.2d 959, 963 (Ind. Ct.App.1994), *trans. denied.* If Meridian fails to meet its burden, Will is not required to come forward with contrary evidence. *See Thomsen v. Musall,* 708 N.E.2d 911, 912 (Ind.Ct.App.1999), *trans. denied.* In evaluating the propriety of the trial court's grant of summary judgment to Meridian, this court may not search the entire record but may only consider the evidence that has been specifically designated. *See P.T. Barnum's Nightclub v. Duhamell,* 766 N.E.2d 729, 731 (Ind.Ct. App.2002), *trans. denied.* All pleadings and testimony are construed liberally and in the light most favorable to Will, as the non-moving party.[2] *See id.*

---

1. The facts of *Blankenbaker* differ significantly from those of *Berry.* In *Berry,* the plaintiff was able to establish a nexus between the unidentified vehicle and the collision which caused her injuries. The plaintiff in *Blankenbaker* did not do so.

2. We note that in addition to being factually distinguishable, *Blankenbaker* is also of dubious application because it was decided upon a summary judgment procedure that was abolished in *Jarboe* and *Lenhardt.*

██ In support of its summary judgment motion, Meridian designated an affidavit by one of its adjusters that indicates that the adjuster conducted a phone interview with Will. It also designated a "Standard Crash Report" that describes the collision between the car Will was driving and the pile of debris.[3] It further designated a copy of the insurance policy that governs this dispute. Finally, it designated the transcript of the phone interview that the adjuster conducted with Will.

The transcript of the phone interview discloses that it was conducted six days after the collision, that Will struck the pile of debris while driving an automobile insured by Meridian, and that Will did not know who had left the debris on the road. The transcript also discloses that the incident was still under investigation. This transcript, coupled with the other designated evidence and Will's complaint, at most shows that Will does not know the identity of the driver of the vehicle which she alleges dropped the debris on the road. The materials fail to show that there are no disputed material facts pertaining to (1) whether the pile of debris was formerly part of a load carried by another vehicle, (2) whether the debris was negligently allowed to fall from that vehicle, and (3) whether there was a continuous sequence of events with a clearly definable beginning and ending, resulting in Will coming into contact with the pile of debris.

Meridian is not entitled to summary judgment by establishing that at the present time Will is unable to make a showing pertaining to various elements on which she will have the burden of proof at trial. Under Indiana practice, Meridian has not shown the propriety of summary judgment as it has failed to show the absence of genuine issues of material fact. Will has

no duty to make any type of showing in response.

### CONCLUSION

The trial court erred in granting summary judgment for Meridian. Accordingly, we reverse and remand for further proceedings.

DARDEN, J., and KIRSCH, J., concur.

---

3. Meridian accepts the fact that a collision occurred. It makes no allegation of fraud.