**ALLSTATE INSURANCE COMPANY,**
Appellant–Intervenor,

v.

**Kristina KELTNER and, Nicholas Keltner; Minors By Next of Friends, Parents and Guardians, Eric and Andrea Keltner, Appellees–Plaintiffs.**

No. 29A05–0508–CV–490.

Court of Appeals of Indiana.

Feb. 22, 2006.

Richard P. Samek, Diana C. Bauer, Carson Boxberger, LLP, Fort Wayne, for Appellant.

F. Boyd Hovde, Nicholas C. Deets, Hovde Dassow & Deets, LLC, Indianapolis, for Appellees.

## OPINION

BARNES, Judge.

### Case Summary [1]

Allstate Insurance Company ("Allstate") appeals the denial of its motion to intervene in a lawsuit brought against its insured, Lindsay Tozer, by Eric and Andrea Keltner. We affirm.

### Issue

The sole issue is whether the trial court properly denied Allstate's motion to intervene.

### Facts

On January 3, 2001, Tozer was driving an automobile in which siblings Kristina, Kyle, and Nicholas Keltner were passengers. Tozer lost control of her vehicle and crashed into a telephone pole, resulting in Kyle's death and alleged injuries to Kristina and Nicholas.

---

1. We hereby deny Allstate's motion for oral argument.

In September 2001, Allstate, Tozer's insurer, settled with the Keltner family for Kyle's death in the amount of $1.1 million. This represented the $100,000 per person limit of the Allstate automobile policy plus the $1 million limit of an Allstate umbrella policy. The settlement reserved Kristina and Nicholas's right to pursue their own lawsuit regarding the accident.

Kristina and Nicholas, through their parents Eric and Andrea, filed such a lawsuit against Tozer. The one-count negligence complaint alleged that Kristina and Nicholas suffered their own physical injuries, pain, and suffering, and that they suffered emotional distress as a result of seeing the injuries and death of their brother Kyle.

Allstate then initiated a declaratory judgment action in the United States District Court for the Southern District of Indiana. Allstate claimed that it owed no coverage for any emotional distress Kristina and Nicholas may have suffered as a result of witnessing Kyle's death because it had paid the $100,000 per person limit under the policy for his death. The District Court ruled against Allstate, but on appeal the Seventh Circuit accepted Allstate's argument. *See Allstate Ins. Co. v. Tozer et al.*, 392 F.3d 950 (7th Cir.2004). Thus, Allstate will not be liable for any damages Kristina and Nicholas may be awarded for the emotional distress related to witnessing Kyle's death.

After the Seventh Circuit's decision, Allstate petitioned to intervene in the lawsuit between the Keltners and Tozer. It indicated that it wanted to intervene so that it could request the trial court to "issue separate instructions and verdict forms with respect to the distinct claims of personal injury and negligent infliction of emotional distress." App. p. 14. Essentially, Allstate argued that if it did not intervene, any judgment entered against Tozer would be a lump sum amount that would not differentiate between damages for Kristina and Nicholas's own injuries, which Allstate would be obligated to pay up to $100,000 per person, and their emotional distress related to witnessing Kyle's death, which it would not.

The Keltners opposed Allstate's petition; no party requested a hearing on the petition. After substantial briefing by the Keltners and Allstate, the trial court denied the petition without first conducting a hearing. Allstate then filed a motion to reconsider, claiming among other things that the trial court erred in not conducting a hearing before denying the petition to intervene. The trial court declined to reconsider but certified its ruling as a final judgment pursuant to the guidelines of Indiana Trial Rules 24(C) and 54(B). Allstate now appeals.

### Analysis

Allstate contends the trial court should have allowed it to intervene in the lawsuit between the Keltners and Tozer. The denial of a petition to intervene is within the discretion of the trial court. *Herdrich Petroleum Corp. v. Radford*, 773 N.E.2d 319, 324 (Ind.Ct.App.2002), *trans. denied.* We review such a decision for an abuse of discretion. *Id.* "An abuse of discretion occurs when the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court or reasonable and probable inferences to be drawn therefrom." *Id.*

Allstate only sought to intervene as a matter of right; it did not seek permissive intervention. Indiana Trial Rule 24 provides:

(A) Intervention of right. Upon timely motion anyone shall be permitted to intervene in an action:

(1) when a statute confers an unconditional right to intervene; or

(2) when the applicant claims an interest relating to a property, fund or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect his interest in the property, fund or transaction, unless the applicant's interest is adequately represented by existing parties.

Under this rule, persons seeking intervention as a matter of right must show: 1) that they have an interest in the subject of the action; 2) that the disposition of the action may as a practical matter impede their protection of that interest; and 3) that representation of their interest by existing parties is inadequate. *Herdrich,* 773 N.E.2d at 324. "Whether a particular factual situation satisfied this three-part test is within the discretion of the trial court." *Id.*

■ As an initial matter, Allstate contends the trial court committed reversible error by failing to hold a hearing before denying the petition to intervene, even though Allstate did not request any such hearing in its petition or otherwise. It is true that in one opinion decided some time ago, this court held that although a party seeking intervention had not requested a hearing, the trial court committed reversible error by not holding a hearing on the petition to intervene "in light of the legal and factual questions in this case ...." *Lawyers Title Ins. Corp. v. C & S Lathing and Plastering Co., Inc.,* 403 N.E.2d 1156, 1160 (Ind.Ct.App.1980).

To the extent *Lawyers Title* might be read as requiring trial courts to schedule, sua sponte, a hearing on every Trial Rule 24 petition to intervene, we decline to follow it here. First, we note that nothing in Trial Rule 24 requires any type of hearing; subsection (C) of that rule sets forth the required procedures for petitions to inter-

vene, and it mentions nothing of a hearing being necessary. Second, the facts alleged in a petition to intervene must be taken as true and the decision on a motion to intervene turns on the sufficiency of the claim asserted. *United of Omaha v. Hieber,* 653 N.E.2d 83, 88 (Ind.Ct.App.1995), *trans. denied.* If the facts alleged in a petition to intervene are deemed to be true, then a hearing on such a petition would not be a proper forum for challenging such facts. Third, allowing a party on appeal to request and obtain relief not asked of the trial court would contravene the axiomatic principle that an argument or issue not presented to the trial court generally is waived for appellate review. *GKC Indiana Theatres, Inc. v. Elk Retail Investors, LLC,* 764 N.E.2d 647, 651 (Ind.Ct. App.2002). Finally, the parties here submitted substantial briefing to the trial court to assist it in ruling on the petition to intervene; it does not appear to us that a hearing was required to address any outstanding factual issues and that the trial court was adequately informed on those issues. We decline to hold that the trial court was required to conduct a hearing on Allstate's petition to intervene in the absence of a request by one of the parties to do so.

■ We now turn to the substantive merits of Allstate's argument. Allstate contends that it has an interest in the litigation between the Keltners and Tozer that cannot be adequately protected by Tozer's counsel. Specifically, Allstate argues that if it were permitted to intervene in the lawsuit, it would seek to have the jury return separate verdicts delineating the amount of damages, if any, that Kristina and Nicholas were entitled to as a result of their own injuries versus those suffered as a result of having witnessed Kyle's death. Allstate also argues that Tozer's counsel would not be inclined to seek such separate verdicts because they would automatically expose Tozer to liabili-

ty on the pure emotional distress damages for which she would be uninsured, by virtue of the Seventh Circuit's construction of the insurance contract. The Keltners respond that Allstate essentially would be seeking special verdicts or jury interrogatories if it requested such separate verdicts, and Indiana Trial Rule 49 expressly prohibits such verdicts or interrogatories.[2]

We need not delve into a detailed analysis of whether the type of jury verdicts Allstate claims it would seek would be prohibited by Indiana Trial Rule 49. We conclude that Allstate has not established as a matter of law that the disposition of the action between the Keltners and Tozer may as a practical matter impede its protection of that interest, as required to intervene of right in that action. *See Herdrich,* 773 N.E.2d at 324. Also, general principles regarding insurance company participation in personal injury lawsuits preclude Allstate's participation in this action.

Allstate has already established through the declaratory judgment action that it cannot be liable for any emotional distress damages Kristina and Nicholas might have incurred by reason of having witnessed Kyle's death. Thus, it has taken one of the recognized steps for preserving a poli-cy defense and has put Tozer on notice that it will not pay such damages. *See Gallant Ins. Co. v. Wilkerson,* 720 N.E.2d 1223, 1227 (Ind.Ct.App.1999). As such, it would be permitted in a subsequent action, such as a proceedings supplemental, to raise its policy defense against paying the full amount of any general judgment against Tozer. *See Snodgrass v. Baize,* 405 N.E.2d 48, 51 (Ind.Ct.App.1980).

Allstate, and also the Keltners, seem to assume that if there is a general judgment entered on a verdict against Tozer that does not distinguish between covered and uncovered damages, there would be no later opportunity to make that distinction. We disagree. A proceedings supplemental would offer an occasion for presenting evidence and argument regarding a fair approximation of the division of damages between those awarded for Kristina and Nicholas's own injuries and the emotional distress they suffered by witnessing Kyle's death. This might be determined by examining the evidence and argument of counsel presented during the underlying trial or by the presentation of additional evidence.[3] Because of this, Allstate's protection of its interests would not be impaired by the entry of a general judgment against Tozer.

---

**2.** Indiana Trial Rule 49 provides, "Special verdicts and interrogatories to the jury are abolished." A "special verdict" is one "that gives a written finding for each issue, leaving the application of the law to the judge." Black's Law Dictionary p. 1555 (7th ed.1999). A "general verdict with interrogatories" is "A general verdict accompanied by answers to written interrogatories on one or more issues of fact that bear on the verdict." *Id.*

**3.** We acknowledge that there is language in one case from this court that might suggest the opposite, *Hermitage Ins. Co. v. Salts,* 698 N.E.2d 856, 860 (Ind.Ct.App.1998). In that case, the insurer directly participated in the underlying lawsuit because its insured had filed for bankruptcy. After judgment was entered, the insurer claimed during proceedings supplemental that some of the damages the jury had awarded were excluded by the policy. We held the insurer was estopped from raising a policy defense during the proceedings supplemental because it had not mentioned such a defense during the underlying trial. *See id.* at 860. We also said, "At this point, it is impossible to determine what portion of the jury's award could be attributed to [damages] which would have been appropriately excluded from coverage under the policy." *Id.* This statement is dicta because it was not essential to our resolution of the issue that the insurer was estopped from raising a policy defense during the proceedings supplemental. Here, Allstate would not be so estopped.

We also note that under Indiana's well-settled "direct action" rule, insurance companies generally are not proper parties in lawsuits brought against their insureds by injured third parties. *See Rausch v. Reinhold,* 716 N.E.2d 993, 1002 (Ind.Ct. App.1999), *trans. denied.* One crucial reason for this rule is that it has long been held that evidence of a defendant's insurance is not competent in a personal injury action and its admission is prejudicial. *Id.* "Clearly the policy of the law is to keep the issue of insurance out of personal injury litigation." *Cromer v. Sefton,* 471 N.E.2d 700, 704 (Ind.Ct.App.1984). "To permit intervention by the insurer to litigate coverage in the principal tort case against its insured would distract the trier and literally force the plaintiff to become embroiled in a matter in which she does not yet have an interest." *Id.* Thus, we held in *Cromer* that it would be improper to allow a liability insurer to "leapfrog" any proceeding solely against the insured and before any judgment is entered against the insured by intervening in a lawsuit between an injured third party and the insured. *Id.*

Introducing the issue of insurance into the litigation between the Keltners and Tozer clearly has the potential to be doubly improper and prejudicial. It could lead the jury to conclude that Tozer would be fully insured against any judgment it might enter against her and accordingly to award a higher amount of damages, which in and of itself would be improper, when in fact she only would be insured against some of those damages. Furthermore, briefly regarding Trial Rule 49, Allstate

has not cited any authority supporting the proposition that it would be appropriate to ask the jury to return separate verdicts delineating the damages related strictly to Kristina and Nicholas's own physical injuries versus the emotional distress damages related to witnessing Kyle's death.[4]

Allstate also contends that allowing it to intervene would promote judicial economy by allowing speedier resolution of the amount of its liability, if any, to the Keltners as a result of Tozer's negligence. The Keltners, however, would appear to be harmed by any delay in payment on a judgment obtained against Tozer, and they have chosen to object to Allstate's intervention. The trial court, too, will be directly impacted by protracted litigation in this case, and it chose to deny Allstate's petition to intervene. In light of general principles regarding insurer participation in personal injury litigation of this type and in deference to the trial court's discretion when ruling on intervention motions, Allstate has not convinced us that the trial court abused its discretion in refusing to allow it to intervene in the lawsuit between the Keltners and Tozer.

### Conclusion

The trial court did not err in denying Allstate's petition to intervene. We affirm.

Affirmed.

SHARPNACK, J., and RILEY, J., concur.

---

4. For example, Allstate has not cited or discussed any cases regarding negligent infliction of emotional distress, such as *Shuamber v. Henderson,* 579 N.E.2d 452 (Ind.1991), *Groves v. Taylor,* 729 N.E.2d 569 (Ind.2000), or *Bader v. Johnson,* 732 N.E.2d 1212 (Ind. 2000). It would appear some analysis of these cases would be required in order to determine whether Kristina and Nicholas's claim for emotional distress damages truly is a separate cause of action for which a separate jury verdict would be appropriate, or whether that claim simply is an element of damages for their general negligence cause of action against Tozer that is ancillary to their own personal injury damages.