**Glyn WALKER, Appellant–Plaintiff,**

v.

**EMPLOYERS INSURANCE OF WAUSAU, Appellee–Defendant.**

No. 45A03–0505–CV–224.

Court of Appeals of Indiana.

May 12, 2006.

Kenneth J. Allen, David W. Conover, Michael T. Terwilliger, Kenneth J. Allen & Associates, P.C., Valparaiso, IN, Attorneys for Appellant.

Gregory J. Bird, Williams Montgomery & John Ltd., Chicago, IL, Attorney for Appellee.

## OPINION

NAJAM, Judge.

### STATEMENT OF THE CASE

Glyn Walker appeals from the trial court's grant of summary judgment in favor of Employers Insurance of Wausau ("Wausau") in this action to recover under a policy issued to Walker's employer, KTL, Inc. ("KTL"). Walker presents a single issue for our review, namely, whether the trial court erred when it concluded that there is no genuine issue of material fact precluding summary judgment in favor of Wausau.

We reverse and remand for further proceedings.

### FACTS AND PROCEDURAL HISTORY

On April 29, 1999, Walker, in the course and scope of his employment, was driving an employer-owned tractor-trailer in Highland. While traveling southbound on Indianapolis Boulevard, Walker observed a pick-up truck, which was also traveling southbound in the left lane beside his trailer. As Walker approached an intersection, the pick-up truck swerved into the right lane in front of Walker's vehicle. The pick-up truck passed within inches of the front of Walker's truck and proceeded to the shoulder, where it kicked gravel up onto the grill and fender of Walker's truck.

Walker applied his brakes, "started to skid and then jackknifed."[1] Appellant's App. at 146. Once the skid started, it was continuous until Walker's tractor-trailer hit a telephone pole. Walker's vehicle caught fire, and he suffered burns as he exited the cab. The pick-up truck continued through the intersection, and neither its owner nor its operator has been identified.

A general liability insurance policy ("the policy") issued by Wausau to KTL was effective on the date of the accident. Walker filed a complaint against Wausau, alleging coverage for uninsured motorist benefits under the policy. In its answer, Wausau raised as an affirmative defense and counterclaim that the unidentified pick-up truck was not an uninsured motor-

---

1. Wausau contends that the evidence shows that Walker braked before the pick-up sprayed gravel onto the front of his tractor-trailer. The order of events as presented here is not determinative of the order in which they occurred.

ist as defined by either the policy or state law.

Walker served on Wausau requests for admission. Wausau served its responses six months later. The requests were deemed admitted because of the untimely response. Two of the admissions provide:

6. Admit that [Walker] has met the contractual prerequisites under the policy issued by [Wausau] on or about March 22, 1999 for obtaining benefits under the uninsured motorist coverage in the policy.

7. Admit that none of the defenses listed in the policy issued by [Wausau] on or about March 22, 1999 apply to [Walker's] claim for uninsured motorist benefits as a result of the occurrence described in [Walker's] Complaint.

Appellant's App. at 299. The trial court denied Wausau's motion for leave to withdraw the admissions.

Wausau filed a motion for summary judgment. In the motion, Wausau alleged that "the indirect contact by gravel [kicked up by the pick-up truck onto Walker's tractor-trailer was] insufficient to entitle [Walker] to coverage under the uninsured motorist provision" of the policy and that Walker's recovery was limited under the policy because his injury arose out of and in the course of his employment. Appellant's App. at 76. The trial court, by a judge pro tempore, granted summary judgment in favor of Wausau on the ground that the claim was excluded by the worker's compensation and employee indemnification and employer's liability exclusions in the policy. In the order, the trial court also rejected Walker's contention that the deemed admission that "none of the policy defenses apply" precluded

Wausau from asserting any exclusions under the policy.[2] Appellant's App. at 11. The trial court further stated in the order that "[t]he issue is not a policy defense but rather a policy exclusion. The two are different and at no time has [Wausau] ever admitted that policy exclusions did not apply." *Id.* This appeal ensued.

## DISCUSSION AND DECISION

### Standard of Review

██ When reviewing summary judgment, this court views the same matters and issues that were before the trial court and follows the same process. *Estate of Taylor ex rel. Taylor v. Muncie Med. Investors, L.P.*, 727 N.E.2d 466, 469 (Ind.Ct. App.2000), *trans. denied.* We construe all facts and reasonable inferences to be drawn from those facts in favor of the nonmoving party. *Jesse v. Am. Cmty. Mut. Ins. Co.*, 725 N.E.2d 420, 423 (Ind.Ct.App. 2000), *trans. denied.* Summary judgment is appropriate when the designated evidence demonstrates that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law. Ind. Trial Rule 56(C). The purpose of summary judgment is to terminate litigation about which there can be no material factual dispute and which can be resolved as a matter of law. *Zawistoski v. Gene B. Glick Co.*, 727 N.E.2d 790, 792 (Ind.Ct.App.2000).

██ We note that the trial court entered findings and conclusions in support of summary judgment. Although we are not bound by the trial court's findings and conclusions, they aid our review by providing reasons for the trial court's decision. *See Ledbetter v. Ball Mem'l Hosp.*, 724 N.E.2d 1113, 1116 (Ind.Ct.App.2000),

---

**2.** In the order, the trial court did not address Wausau's argument that the unidentified pick-up truck did not constitute a hit-and-run auto as contemplated under the uninsured motorist provision of the policy.

*trans. denied.* If the trial court's entry of summary judgment can be sustained on any theory or basis in the record, we must affirm. *Id.*

### Effect of Admission

■ Walker contends that the trial court erred when it concluded that Wausau could rely on policy exclusions to defend against Walker's claim. Specifically, Walker alleges that the trial court erred when it concluded that a policy defense is not the same as a policy exclusion and, therefore, that the deemed admission that none of the policy defenses apply does not prevent Wausau from asserting the exclusions listed in its policy. Wausau counters that the admissions resulting from the untimely discovery response "did not dispose of the case because of their ambiguities." Appellee's Brief at 16. We agree with Walker.

■ The purpose of an admission is not to "discover" a fact, but to "establish" a fact conclusively. *Weldy v. Kline,* 652 N.E.2d 107, 110 (Ind.Ct.App.1995). A request for admission is a "close-ended" inquiry, i.e., it requires, either by admission or denial, an answer that is unambiguous, unequivocal, and without the evasion often characteristic of answers to depositions and interrogatories. *Id.* Because the purpose of Indiana Trial Rule 36, which governs admissions, is to establish a fact conclusively, Walker, as requesting party, bore the burden of "artfully draft[ing] the statement of fact contained in the request for admission" in such a manner that is precise, unambiguous, and not misleading to the answering party. See *Id.* (quoting *F.W. Means & Co. v. Carstens,* 428 N.E.2d 251, 256 (Ind.Ct.App.1981)). Properly used in this manner, requests for admissions streamline the focus of pre-trial in-

vestigation and discovery and eliminate the need for unnecessary evidence at trial. *Id.* at 110.

Although prior cases have not specifically defined "policy defense," prior decisions of this court refer to "policy defenses" and "exclusions" interchangeably. For example, in *Allstate Ins. Co. v. Keltner,* 842 N.E.2d 879 (2006), this court discussed a prior decision, stating: "After judgment was entered, the insurer claimed during proceedings supplemental that some of the damages the jury had awarded were *excluded* by the policy. We held the insurer was estopped from raising a *policy defense* during the proceedings supplemental...." *Id.* at 883 n. 3 (emphasis added). Similarly, in *Foreman v. Jongkind Bros., Inc.,* 625 N.E.2d 463 (Ind.Ct.App.1993), "policy exclusions" and "policy defenses" were again used interchangeably:

> The Foreman plaintiffs specifically argue that the trial court erred in applying the *policy exclusions* at the proceedings supplemental stage. They claim "Indiana Insurance had a duty to defend its insured, and by failing to raise any *policy defenses* it had, before judgment was entered, is now estopped from asserting them."

*Id.* at 466–67 (citation omitted) (emphasis added); *see also Liberty Mut. Ins. Co. v. Powell,* 586 N.E.2d 897, 900–01 (Ind.Ct. App.1992) (referring to policy "exclusions" and "policy defenses" interchangeably), *trans. denied.*

■ Additionally, this court has held that a coverage exclusion is generally an affirmative defense. *See PSI Energy, Inc. v. Home Ins. Co.,* 801 N.E.2d 705, 725 (Ind.Ct.App.2004) (quoting *Hoosier Ins. Co. v. Audiology Found. of Am.,* 745 N.E.2d 300, 308 (Ind.Ct.App.2001), *trans. denied* ).[3] Thus, while a policy defense

---

**3.** Courts outside Indiana have also held that

policy exclusions are policy defenses. *See*

may not always be a policy exclusion, e.g. a statute of limitation, a policy exclusion *is* always a policy defense.

■■■ Wausau argues for the first time on appeal that it should not be bound by the admission at issue because it was ambiguous.[4] A request for admission is ambiguous if it is subject to more than one reasonable interpretation. But it must also be understood in the context of the law that applies to the case. As noted above, Indiana treats the terms "policy defense" and "policy exclusion" interchangeably. What might otherwise be ambiguous is not ambiguous here. Indeed, Wausau did not respond to or object to Walker's requests for admission within thirty days after service, and, therefore, the matters contained in the discovery request were deemed admitted.[5] *See* Ind. Trial R. 36(A). As a result, Wausau "[a]dmitted that none of the defenses listed in the policy issued by [Wausau] on or about March 22, 1999 apply to [Walker's] claim for uninsured motorist benefits as a result of the occurrence described in [Walker's] Complaint." Appellant's App. at 299. As noted above, in Indiana "defenses listed in a policy" unambiguously include exclusions listed in a policy. Thus, Wausau admitted that none of the policy exclusions apply in this case.

The trial court granted summary judgment in favor of Wausau on the ground that coverage was excluded under the worker's compensation and the employee indemnification and employer's liability exclusions. But because Wausau admitted that none of the policy exclusions apply, it was estopped to assert any policy exclusions. Thus, the trial court erred when it entered summary judgment on that ground.

### Uninsured Motorist Coverage

■■■ Next, Walker contends that the trial court erred by granting summary judgment in favor of Wausau because there was a genuine issue of material fact whether the "hit" in this case was sufficient to entitle Walker to coverage under the uninsured motorist ("UIM") provision in the policy. Appellant's Brief at 9. Specifically, Walker concedes that his tractor-trailer did not come into direct contact with the pick-up truck, but he claims that summary judgment was improper because the spray of gravel from the pick-up truck onto his truck was indirect contact that brings the occurrence within the UIM provision. We agree.

The policy provides in relevant part as follows:

> Uninsured Motorists Coverage protects insured persons legally entitled to recover damages for bodily injury or bodily injury and property damage from the owner or operator of an uninsured auto. *An uninsured auto is:* an auto with no liability policy in effect at the time of the accident providing coverage equal to the state's limit of financial responsibility; *a*

*Trigg v. State Farm Mut. Auto. Ins. Co.,* 129 P.3d 1099, 1102 (Colo.App.2005) ("Policy defenses are defenses based on the terms of the policy. They take many forms, including, without limitation, conditions precedent, exclusions, definitions of terms, or other provisions of · a policy that limit the existence, scope, or amount of coverage, benefit, or other obligation of the insurer.")

4. In its motion to withdraw its admissions, Wausau did not argue that Request for Admission Number 7 was ambiguous but, instead, that it had inadvertently failed to respond to the requests within the time prescribed by Trial Rule 36. The trial court denied that motion.

5. Wausau neither responded to nor objected to the requests for admission until more than six months after the date of service.

*hit-and-run auto;* or an auto insured by an insolvent company.

Appellant's App. at 66 (emphases added). Thus, the policy provides coverage where bodily injury is sustained as the result of an accident with a hit-and-run auto.

Here, the issue presented by Wausau's summary judgment motion was whether the pick-up truck is a hit-and-run vehicle as contemplated in the policy's UIM provision. As used in the policy "hit-and-run auto" is ambiguous because it is not defined. Thus, we must construe the UIM provision.

▮▮▮▮▮ Construction of the terms of a written contract is a pure question of law for the court, and we conduct a de novo review of the trial court's conclusions in that regard. *Grandview Lot Owners Ass'n, Inc. v. Harmon*, 754 N.E.2d 554, 557 (Ind.Ct.App.2001). When interpreting an insurance policy we give plain and ordinary meaning to language that is clear and unambiguous. *Indiana Ins. Co. v. Dreiman*, 804 N.E.2d 815, 818 (Ind.Ct.App. 2004). Policy language is unambiguous if reasonable persons could not honestly differ as to its meaning. *Id.* To that end, we look to see if policy language is susceptible to more than one interpretation. *Id.* Ambiguous provisions are to be construed in favor of the insured, particularly provisions that limit or exclude coverage. *Id.; Associated Aviation Underwriters v. George Koch Sons, Inc.*, 712 N.E.2d 1071, 1076 (Ind.Ct.App.1999), *trans. denied.*

Prior to this court's decision in *Allied Fidelity Ins. Co. v. Lamb*, 57 Ind.Dec. 36, 361 N.E.2d 174 (1977), physical contact between the hit-and-run vehicle and the insured vehicle was a condition precedent to recovery under a policy's UIM clause. *Id.* at 177; *see also Blankenbaker v. Great Cent. Ins. Co.*, 151 Ind.App. 693, 281 N.E.2d 496 (1972). But in *Lamb*, this court held that indirect contact was sufficient: " 'physical contact' within the meaning of the hit-and-run provision of uninsured motorist coverage occurs when an unidentified vehicle strikes an object impelling it to strike the insured automobile and a substantial physical nexus between the unidentified vehicle and the intermediate object is established." *Lamb*, 361 N.E.2d at 179. Thus, we held that the injured party was covered under the UIM provision of her insurance policy for damages sustained when a hit-and-run vehicle caused a rock to crash through the window of her automobile.[6] *Id.* at 179.

Our decision in *Will v. Meridian Ins. Group, Inc.*, 776 N.E.2d 1233 (Ind.Ct.App. 2002), is also on point. There, the driver sustained injuries after she collided with a pile of debris in the roadway. The debris consisted of roofing materials. The insured's policy defined a "hit-and-run vehicle" as one that hits the insured vehicle. *Id.* at 1234. We reversed summary judgment granted in favor of the insurer, holding that the designated materials:

> failed to show there [were] no disputed material facts pertaining to (1) whether the pile of debris was formerly part of a load carried by another vehicle, (2)

---

**6.** Although we held that Lamb was covered under the UIM provision of her policy, we reversed the trial court's judgment in favor of Lamb after determining that Lamb was not legally entitled to recover damages from the operator of the hit-and-run vehicle, a prerequisite to recovery under the UIM provision. *Lamb*, 361 N.E.2d at 179. "Legally entitled to recover," as used in uninsured motorist statutes and policy clauses, has been interpreted to mean that the insured, to recover against an insurer, must support his claim by proving those facts that he would have to establish had he proceeded directly against the uninsured motorist. *Id.* Thus, an event may be covered under a UIM provision and yet the insured may not be legally entitled to recover, as was the case in *Lamb*.

whether the debris was negligently allowed to fall from that vehicle, and (3) whether there was a continuous sequence of events with a clearly definable beginning and ending, resulting in the driver coming into contact with the pile of debris.

*Id.* at 1238.

 Here, again, the term "hit-and-run auto" is not defined in the policy. Based on the holdings in *Lamb* and *Will,* we conclude that "hit-and-run auto" as used in the policy Wausau issued KTL requires physical contact with the insured vehicle. *See Lamb,* 361 N.E.2d at 177; *see also Blankenbaker,* 281 N.E.2d at 502. But that contact may occur when an unidentified vehicle strikes an object impelling it to strike the insured vehicle and a substantial nexus between the unidentified vehicle and the intermediate object is established. *See Lamb,* 361 N.E.2d at 179. Thus, while we express no opinion concerning the ultimate resolution of this issue, given the designated evidence, we cannot say as a matter of law that Walker is not entitled to coverage under the UIM provision in the policy.

 In their briefs and in the summary judgment pleadings, Wausau argues that the spray of gravel from the pick-up truck did not cause the accident. Wausau's contention amounts to an argument that the indirect contact with the pick-up truck was not the proximate cause of the accident. But the issue of proximate cause is not properly resolved by summary judgment. *Shambaugh & Son v. Carlisle,* 763 N.E.2d 459, 461 (Ind.2002); *see also Will,* 776 N.E.2d at 1238 (holding that insurer was not entitled to summary judgment by establishing that Will was unable to make a showing pertaining to various elements on which she would have the burden of proof at trial, such as proximate cause). Thus, we cannot affirm summary judgment by applying the policy's UIM provision.

## Conclusion

The trial court erred when it found that Wausau's admission did not preclude summary judgment because the policy defenses referenced in the admission are not equivalent to policy exclusions. Thus, the trial court erred when it granted summary judgment in favor of Wausau based on policy exclusions. Although the trial court's grant of summary judgment was not based on whether the UIM provision applied, we considered that issue because we must affirm the grant of summary judgment if it can be sustained on any theory or basis available in the record. We conclude that summary judgment also cannot be affirmed by applying the UIM provision. We further conclude that whether Walker is legally entitled to recover under the UIM provision is an issue for the finder of fact and, therefore, not properly resolved on summary judgment. Thus, we reverse the trial court's grant of summary judgment in favor of Wausau and remand for further proceedings.

Reversed and remanded.

BAILEY, J., concurs.

BAKER, J., dissents with separate opinion.

BAKER, Judge, dissenting.

I must respectfully dissent because the result reached by the majority is the ultimate example of elevating form over substance.

The fact is that Walker is suing Wausau on a contract—an insurance policy—but does not want to be bound by its terms. The policy clearly states that it does not apply to "[a]ny obligation for which the 'insured' or the 'insured's' insurer may be held liable under any workers' [sic] compensation ... law or any similar law."

Appellant's App. p. 47. There is no dispute but that Walker was operating the tractor-trailer in the course of his employment, which means that worker's compensation applies, and this incident is excluded under the clear terms of the policy. Therefore, the insurance company would be entitled to summary judgment on this basis but for a technicality—it responded too late to the requests for admission, which were then deemed admitted.

Without the admission that none of the defenses listed in the policy apply to Walker's claim, Walker would have no case. Walker could not possibly win this case in a trial on the merits, and I cannot condone this type of "gotcha" litigation. I would therefore find that the trial court erred in denying Wausau's motion for leave to withdraw the admission, but affirm its grant of summary judgment on the basis that the policy prevents recovery where worker's compensation applies.